# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

SFF-TIR, LLC, et al.,

    Plaintiff,

vs.

CHARLES C. STEPHENSON, JR., et al.,

    Defendants.

Case No.14-CV-369-TCK-FHM

## **OPINION AND ORDER**

Plaintiffs' Motion for Protective Order, [Dkt. 112], is before the court for decision, the matter has been briefed. A decision on the motion can be made on the basis of the briefs, therefore the request for a hearing is denied.

Defendants served amended notices to take 30(b)(6) videotaped depositions of: SFF-TIR, LLC; the Stuart Family Foundation, Inc.; Alan Stuart 2012 GST Family Trust; Stuart 2005 GST Family Trust; and Celebration, LLC. Each of the notices list the following among the deposition topics:

> 1. [The entity's] formation, history and composition, including without limitation the identity of all of your owners, officers, employees and directors.
>
> 2. The assets held now or in the past by [the entity].
>
> 3. The circumstances under which [the entity] acquired its shares in TIR, Inc.
>
> 4. The relationship between [the entity] and any investors in the Stuart Family Fund, LLC.

[Dkt. 112-1, p. 6, 13, 20, 27, 34].

Plaintiffs seek a protective order to prevent Defendants from questioning the corporate representatives on these topics. Plaintiffs argue that these topics have no bearing on any claim or defense in this action.

Defendants argue that Plaintiffs seek to bar questioning on "the most basic foundational facts concerning the claims asserted by the corporate plaintiffs in this litigation." [Dkt. 113, p. 2]. Defendants assert that Plaintiffs' Complaint does not explain how or why these previously uninvolved entities came to acquire their interests in TIR, nor how many TIR shares each entity owned. Defendants also assert that they do not know who these corporate plaintiffs are or how they came to be named plaintiffs in this litigation as their names appear nowhere in the documentation of the process by which the subject merger was effected. [Dkt. 113, p. 4].

In light of Defendants' representation that they do not know who the corporate plaintiffs are, that they were previously uninvolved, and that their names do not appear on the documentation of the merger process, it is reasonable to permit inquiry of the 30(b)(6) witness into the identity of the entities and the acquisition of their shares in TIR, Inc. The court is not persuaded that Defendants have any need to inquire into the entities' other investments or relationships, except as related to their ownership of an interest in TIR, Inc. Nothing in this protective order prohibits Defendants from inquiring about how the entities came to be involved in this lawsuit or from inquiring about what knowledge they have of the events forming the basis of this lawsuit.

Plaintiffs' Motion for Protective Order, [Dkt. 112], is GRANTED in PART and DENIED in PART. Inquiry into deposition topics 1-4, is limited, as stated herein.

SO ORDERED this 3rd day of June, 2015.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE