IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SFF-TIR, LLC, et al.,

                Plaintiff,

vs.

CHARLES C. STEPHENSON, JR., et al.,

                Defendants.

Case No.14-CV-369-TCK-FHM

## OPINION AND ORDER

Defendants' Motion to Compel, [Dkt. 99], is before the undersigned United States Magistrate Judge for decision, the matter has been fully briefed and is ripe for decision.

Defendants seek an order compelling the production of:

    (i)    a ledger reflecting the ownership of member interests in SFF-TIR, LLC;

    (ii)    a ledger reflecting the ownership of membership interests in Stuart Family Fund, LLC;

    (iii)    all letters by which legal counsel were engaged by Alan Stuart, SFF-TIR, LLC and/or Stuart Family Fund, LLC related to Tulsa Inspection Resources, Inc;

    (iv)    all documents related to any right of the members of Stuart Family Fund, LLC to make investment decisions and/or litigation decisions for SFF-TIR, LLC (together with the documents described in the preceding clauses, the "Requested Documents"); and,

    (v)    all Stuart Family Fund, LLC communications with its members and communications among its members concerning the SFF-TIR, LLC investment in Tulsa Inspection resources, Inc. (the "Relevant Communications").

Defendants state items (i), (ii), (iii), and (iv) relate to making a determination about whether the items sought in item (v) are subject to the attorney-client privilege. Defendants also

state that Plaintiffs were required to produce these items pursuant to previously served requests for production. Plaintiffs assert that item (v) expands previous requests.[1]

Plaintiffs represent that, beyond the redacted portion of the February Investor Letter, [Dkt. 99-6], they are not withholding any documents reflecting communications with investors about legal advice or strategy. [Dkt. 110, p. 11]. Plaintiffs also assert that they have produced all non-privileged documents responsive to Defendants' February 27 and March 31 document requests. [Dkt. 110, p. 12]. The court is proceeding with the understanding that Plaintiffs have followed the dictates of Fed.R.Civ.P. 26(b)(5) and there are no documents not listed on the privilege log that are being withheld and further that all documents responsive to the February 27 and March 31 document requests have been produced. If the foregoing does not accurately represent the state of affairs, Plaintiffs are required to immediately file a notice correcting the court's understanding and to rectify any deficiencies in Plaintiffs' compliance with Rule 26(b)(5).

Based on the court's understanding of Plaintiffs' representations that, except for the redaction on the February 2014 Investor Letter, all items responsive to item (v) which were included in the February 27 and March 31 document requests have been provided, Defendants' Motion to Compel additional information as to item (v) is denied as moot. What seems to be at issue is the question whether information redacted from the February

---

[1] The parties expend considerable effort arguing about whether the documents were previously requested. All discussion of the topic could have been avoided had Defendants followed the requirement of LCvR 37.2(c) which mandates that a verbatim recitation of disputed discovery requests, answers, and objections be included with motions to compel. Although Defendants' brief directs the court to see their Requests for Production of Documents, the brief contains no suggestion as to where the court might find the discovery requests. [Dkt. 99, p. 2 n.3].

Adherence to LCvR 37.2(c) assists the court in addressing discovery disputes and would have eliminated pages of briefing by the parties.

2014 Investor Letter is properly withheld as attorney-client communication or as being irrelevant.

From the context of the redacted information, it is obvious that the information redacted from the Investor Letter is legal advice or strategy Mr. Stuart received on behalf of SFF-TIR, LLC from counsel pertaining to the merger that is the subject of this lawsuit. Defendants argue that under Fed.R.Evid. 501, Oklahoma law applies to the question of privilege and that under Oklahoma law, 12 Okla. Stat. § 2502[2] which they assert more

---

[2] 12 Okla. Stat. §2502 provides in relevant part:
§ 2502. Attorney-Client Privilege
A. As used in this section:
1. An "attorney" is a person authorized, or reasonably believed by the client to be authorized, to engage in the practice of law in any state or nation;
2. A "client" is a person, public officer, or corporation, association, or other organization or entity, either public or private, who consults an attorney with a view towards obtaining legal services or is rendered professional legal services by an attorney;
3. A "representative of an attorney" is one employed by the attorney to assist the attorney in the rendition of professional legal services;
4. A "representative of the client" is:
    a. one having authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client, or
    b. any other person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client; and
5. A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.
B. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:
1. Between the client or a representative of the client and the client's attorney or a representative of the attorney;
2. Between the attorney and a representative of the attorney;
3. By the client or a representative of the client or the client's attorney or a representative of the attorney to an attorney or a representative of an attorney representing another party in a pending action and concerning a matter of common interest therein;
4. Between representatives of the client or between the client and a representative of the client; or
5. Among attorneys and their representatives representing the same client.

narrowly construes the attorney-client privilege than federal or other possibly applicable state law, Mr. Stuart's communication of the legal advice to the investors constitutes a waiver of the attorney client privilege. Without deciding whether Oklahoma law applies, since Defendants advance Oklahoma law as applicable and since the privilege is more narrow under that law, the court has analyzed the question under Oklahoma law and has determined that the privilege has not been waived.[3]

There is no dispute that SFF-TIR, LLC is the client for attorney-client privilege purposes under 12 Okla. Stat. §2502(A)(2). Nor does there seem to be any dispute that Mr. Stuart is a "representative of the client" under §2502(a)(4)(a) as he apparently has the authority to obtain and act on legal advice on behalf of SFF-TIR, LLC. Accordingly, the attorney-client privilege is established for the communication of advice and legal strategy between counsel and Mr. Stuart. The question is whether Mr. Stuart's disclosure of the attorney advice and legal strategy to the investors waived the attorney-client privilege.

Defendants argue that the investors themselves are not "representatives of the client" under §2502(A)(4)(a) because they do not have the authority to obtain professional legal services or to act on legal advice on behalf of SFF-TIR, LLC. Although the investors do not fit within the definition of "representative of the client" it does not follow that their receipt of the legal advice rendered to SFF-TIR, LLC waives the attorney-client privilege.

The definition of "representative of the client" in §2502(A)(4)(a) is directed toward the determination whether, *in the first instance,* a communication qualifies as one to which the attorney-client privilege will attach. That section does not address the situation

---

[3] There are alternate bases for denying the requested discovery. Therefore the court has not endeavored to analyze or discuss the attorney-client privilege under other possibly applicable laws.

presented here which is the effect of further dissemination of the attorney-client communication. Section 2502(A)(5) clearly contemplates that attorney-client communications will be disclosed to third persons. An attorney-client communication remains confidential under §2502(A)(5) when it is disclosed to third persons "in furtherance of the rendition of professional legal services to the client." There are no Oklahoma cases construing this aspect of §2502.

In 3 Oklahoma Practice §36.09 (2d ed), Professor Whinery discusses the types of disclosures "in furtherance of the rendition of professional legal services" which will not destroy the privilege:

> There are three types of disclosures in which the intent to disclose will not destroy the privilege. First, Section 2502(A)(5) of the Code permits disclosure to persons "in furtherance of the rendition of professional legal services to the client." There are at least four classes of persons who come within this rule. One class consists of family members, such as a spouse or parent of the client, who are included for reasons of loyalty and needed support in the attorney-client relationship. A second class consists of business associates who are included due to their economic and monetary relationships with the client. A third class consists of "joint clients" who are included to encourage the efficient use of lawyers in the representation of persons with non-conflicting interests. A fourth class consists of persons who assist the lawyer in rendering legal services, such as secretaries, clerks, investigators and experts of various types.
> However, disclosure to any of these persons that the privilege protects under Section 2502(A)(5) must meet the standard prescribed in the rule, namely, "in furtherance of the rendition of professional legal services." Although the standard is quite broad, it presumably has its outer limits. The rule itself requires that the services rendered be "legal services"[FN5] and that the disclosure be "in furtherance of the rendition" of legal services. The meaning of the "in furtherance" standard has yet to be developed judicially, but will depend to a large extent on the facts and circumstances of the particular case.

5

*Id.* (footnotes omitted). One of the classes listed, and the one that pertains to this case, is "business associates who are included due to their economic and monetary relationship with the client." *Id.*

Professor Whinery's discussion of §2502(A)(5) is informed by the Advisory Committee's Notes to Rejected Rule 503(a)(4) of the Federal Rules of Evidence, 56 F.R.D. 183, 238 (1973). Although Rule 503 was not incorporated in the Federal Rules of Evidence, its text was adopted, almost entirely, by Oklahoma. Accordingly, the Advisory Committee Notes and Professor Whinery's commentary are instructive. The Advisory Committee Notes state:

> Practicality requires that some disclosure be allowed beyond the immediate circle of lawyer-client and their representatives without impairing confidentiality. Hence the definition allows disclosure to persons "to whom disclosure is in furtherance of the rendition of professional legal services to the client," contemplating those in such relation to the client as "spouse, parent, business associate, or joint client." Comment, California Evidence Code § 952.

56 F.R.D. at 239.

Section 2502(A)(5) clearly contemplates that attorney-client communications will retain their privileged status when shared outside of those specifically named in the statue as "representatives of the client." The key is whether the confidential communications were shared "in furtherance of the rendition of professional legal services." Mr. Stuart's Declaration, [Dkt. 110-1], and the text of the February 2014 Investor Letter, [Dkt. 99-6], reflect that the legal advice or strategy disclosed directly affected the investors' investment in SFF-TIR, LLC and that the legal advice was paid for by the investors. The court finds that under the facts of the present case, Mr. Stuart's sharing of legal advice and strategy

6

with the investors was in furtherance of the rendition of legal services to SFF-TIR, LLC. Under these circumstances, the court finds that the privilege was not waived by the disclosure in the Investor Letter.

The court further finds that maintaining the privilege for the attorney-client communications in the February 2014 Investor Letter does not inhibit the pursuit of the truth in this case as Defendants claim. As Defendants pose it, the question is whether the Plaintiffs were fully informed stockholders when, on December 18-20, 2013, they surrendered their shares along with blank stock powers to the Defendants for payment of the merger consideration. [Dkt. 111, p. 2]. The court fails to see how communication of legal advice to the investors in February 2014, after the surrender of their shares, is probative of whether Plaintiffs were fully informed on December 18-20, 2013. As a result, even if the privilege were waived, the court finds that the redacted information is not relevant.

The court also finds that the burden of requiring Plaintiffs to disclose attorney advice and legal strategy outweighs the proposed benefit of the discovery. Discovery of Plaintiffs' legal advice and strategy is of no importance to resolving the issues in this case. There is no potential that any of the facts of the merger deal are obscured by the redacted information. Nor is there any potential that Plaintiffs' knowledge on December 18-20, 2013 is obscured. Therefore, the court exercises its discretion under Fed.R.Civ.P. 26(b)(2)(C)(iii) to deny Defendants' Motion to Compel as to the redacted portion of the February 2014 Investor Letter.

To the extent that Defendants argue that discovery of the redacted information will disclose Plaintiffs' "scheme," nothing is hidden from Defendants. Insofar as it can be said

7

that a "scheme" is in play, the actions taken by Plaintiffs are apparent in their acceptance of the merger consideration and the pursuit of this lawsuit.

Since the motion to compel discovery of the redacted information in the February 2014 Investor Letter has been denied on the basis of attorney-client privilege, on the basis of relevancy, and on the basis that the burden of disclosure outweighs any potential benefit of the discovery, Defendants' Motion to Compel is likewise denied as to the information sought in items (i), (ii), (iii), and (iv) as production of that information was sought to demonstrate that the investors did not qualify as "representatives of the client" under §2502(A)(4)(a).

Defendants' Motion to Compel, [Dkt. 99], is DENIED.

SO ORDERED this 3rd day of June, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE