# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OKLAHOMA

SFF-TIR, LLC; STUART FAMILY
FOUNDATION, INC.; ALAN STUART
2012 GST FAMILY TRUST; STUART
2005 GST FAMILY TRUST;
CELEBRATION, LLC; ANURAG
AGARWAL; PETER BUCKLEY; VINCENT
SIGNORELLO and RODNEY M. REYNOLDS,

      Plaintiffs,

vs.                                          No. CIV 14-0369 JB/FHM

CHARLES C. STEPHENSON, JR.;
CYNTHIA A. FIELD; PETER BOYLAN, III;
LAWERENCE FIELD;
CYPRESS ENERGY PARTNERS-TIR, LLC;
CEP CAPITAL PARTNERS, LLC;
CYPRESS ENERGY HOLDINGS, LLC and
TULSA INSPECTION RESOURCES, LLC,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Notice of Plaintiffs' Objections to Defendants' Proposed Voir Dire, filed July 27, 2017 (Doc. 316)("Objections"). The primary issue is whether the Court should allow the parties to question the potential jurors about their religion. Because religion is unrelated to the issues at hand, the Court will sustain the Plaintiffs' objections to the Defendants' proposed voir dire and the answer to a question on the special juror questionnaire. . The Court concludes that the Defendants may not ask the question in paragraph 8, on page 2, of the Defendants' Proposed Voir Dire, filed July 25, 2017 (Doc. 315). The Clerk's Office will redact the prospective jurors' responses to Question No. 24 in the Jury Questionnaire, at 7, filed June 27, 2017 (Doc. 294-1). The Defendants may also not address the topic that

Question No 24 in the Jury Questionnaire raises or identifies, either as a follow up question or otherwise.

## FACTUAL BACKGROUND

The Court adopts the factual background it previously stated in its Memorandum Opinion and Order, filed April 25, 2017 (Doc. 274). Defendant "Charles Stephenson is the owner of Regent Private Capital." Defendants' Motion for Summary Judgment on Acquiescence Defense and Brief in Support ¶ 1, at 7, filed April 3, 2015 (Doc. 83)("Defendants' Acquiescence MSJ")(stating this fact).[1] See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment on Acquiescence Defense ¶ 1, at 8, filed April 20, 2015 (Doc. 84)("Response to Defendants' Acquiescence MSJ")(not disputing this fact). "Defendant Cynthia Field is the daughter of Defendant Charles Stephenson." Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment on Breach of Fiduciary Claims ¶ 1, at 3, filed September 14, 2015 (Doc. 157)("Plaintiffs' MSJ")(stating this fact). See Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment on Breach of Fiduciary Duty

---

[1]During the December 27 and 28, 2016, hearing in this case, both parties agreed that there is significant overlap between the factual sections in the Defendants' Acquiescence MSJ and the Defendants' Second Motion for Summary Judgment and Brief in Support, filed September 14, 2015 (Doc. 154)("Defendants' Estoppel MSJ"). See Transcript of Motion Hearing Before the Honorable James O. Browning, United States District Judge (taken December 28, 2016), filed January 23, 2017 (Doc. 250)("December Tr."), at 370:7-374:14 (DeMuro, Kagen, Court). The Defendants indicated at the hearing that they do not object, in the light of this fact, to the Court writing the factual sections for the Defendants' two motions for summary judgment together. See December Tr. at 374:9-14 (DeMuro). The parties also agreed that they approved of the Court's proposal to fold the facts from Plaintiffs' MSJ into a single factual section along with the facts from the Defendants' Acquiescence MSJ and the Defendants' Estoppel MSJ. The Court, therefore: (i) refers to facts common to both the Defendants' Acquiescence MSJ and the Defendants' Estoppel MSJ collectively by referring to the paragraph in the Defendants' Acquiescence MSJ; and (ii) places all facts from across the three summary judgment motions into a preliminary biographical section followed by facts reported in as near to chronological order as overlapping time periods permit.

Claims (Doc. 157), at 2, filed October 5, 2015 (Doc. 170)("Response to Plaintiffs' MSJ")(not disputing this fact). "Defendant Lawrence Field is the husband of Defendant Cynthia Field and the son-in-law of Defendant Charles Stephenson." Plaintiffs' MSJ ¶ 2, at 3 (stating this fact). See Response to Plaintiff's MSJ at 2 (not disputing this fact). "Defendant CEP-TIR, LLC['s] . . . principals are Defendants Stephenson, Cynthia Field and Peter Boylan, III." Plaintiffs' MSJ ¶ 3, at 3 (stating this fact).[2] "In 2009, Regent and Mr. Stephenson individually became together TIR Inc.'s largest shareholder owning approximately 40% of the TIR Inc. shares." Defendants' Acquiescence MSJ ¶ 1, at 7 (stating this fact).[3] "At the same time a number of the Plaintiffs associated with Alan Stuart acquired a minority interest in TIR Inc." Defendants' Acquiescence MSJ ¶ 3, at 7 (stating this fact).[4] "Alan Stuart is a 'seasoned, successful, long-term investor with

---

[2]In the Plaintiffs' MSJ, the Plaintiffs word the fact as follows: "Defendant CEP-TIR, LLC is a Delaware corporation whose principals are Defendants Stephenson, Cynthia Field and Peter Boylan, III." Plaintiffs' MSJ ¶ 3, at 3. The Defendants dispute that CEP-TIR, LLC is a corporation, maintaining that it "is a limited liability company, not a corporation." Response to Plaintiffs' MSJ at 2. The Defendants do not dispute that Stephenson, Field, or Boylan is a principal of CEP-TIR. See Response to Plaintiffs' MSJ at 2. Because the Defendants do not dispute this latter assertion, the Court deems it to be undisputed and amends the fact's text to reflect that the fact's elements that are undisputed.

[3]In Response to Defendants' Acquiescence MSJ ¶ 2, at 8, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing a proposed fact at summary judgment is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8 (D.N.M. March 31, 2011)(Browning, J.). The Plaintiffs' assertion that the entire fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[4]In Response to Defendants' Acquiescence MSJ ¶ 2, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants'

more than 40 years' experience in business development, investment management, and corporate governance.'" Defendants' Acquiescence MSJ ¶ 4, at 7 (stating this fact).[5] "The Defendant Lawrence Field, the son-in-law of Mr. Stephenson and an officer of Regent, became the chairman, and Alan Stuart became a member of the board of directors of TIR Inc." Defendants' Acquiescence MSJ ¶ 5, at 7 (stating this fact). See Response to Defendants' Acquiescence MSJ ¶ 1, at 8 (not disputing this fact). "In February 2013, Alan Stuart prepared a proposal for Mr. Field, which he named 'Project Poirot' to acquire control of TIR, Inc. at $369,507 per share which he later increased to $385,175." Defendants' Acquiescence MSJ ¶ 6, at 7 (stating this fact).[6] "On February 11, 2013, Stuart purchased individual shareholder J.W. Lorett's TIR Inc.

---

Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing a proposed fact at summary judgment is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[5]In Response to Defendants' Acquiescence MSJ ¶ 2, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing a proposed fact at summary- judgment stage is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[6]In Response to Defendants' Acquiescence MSJ ¶ 6, at 7, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it

shares for $275,000 per share." Defendants' Acquiescence MSJ ¶ 7, at 7 (stating this fact).[7] "On March 21, 2013, Stuart presented an offer to the TIR board for TIR Inc. shares of $380,382 per share." Defendants' Acquiescence MSJ ¶ 8, at 7 (stating this fact).[8] "On May 16, 2013, Alan Stuart revised his offer to the board, increasing the repurchase price to $413,143 per share."

---

specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing a proposed fact at the summary- judgment stage is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[7]In Response to Defendants' Acquiescence MSJ ¶ 7, at 9, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[8]In Response to Defendants' Acquiescence MSJ ¶ 8, at 7 the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

Defendants' Acquiescence MSJ ¶ 9, at 8 (stating this fact).[9]   "The Defendants [Charles C.] Stephenson, [Peter] Boylan, and [Cynthia A.] Field were principals in Cypress Energy Partners-TIR, LLC ("Cypress Energy Partners").  Defendants' Acquiescence MSJ ¶ 10, at 8 (stating this fact)(brackets added).  See Response to Defendants' Acquiescence MSJ ¶ 1, at 8 (not disputing this fact).  "In 2013, two TIR Inc. directors (Alan Stuart on the one hand and Lawrence Field on the other hand) [sought] to acquire control of TIR Inc."  Defendants' Acquiescence MSJ ¶ 11, at 8 (stating this fact)(relying on Videotape Deposition of Rodney Reynolds Taken on Behalf of the Defendants (taken November 17, 2014), filed April 3, 2015 (Doc. 83-11)("Reynolds Depo.").  "In June 2013, the Defendants [completed] the bidding process to acquire control of TIR Inc."  Defendants' Acquiescence MSJ ¶ 13, at 8 (stating this fact)(relying on Affidavit of Randall Lorett, filed April 3, 2015 (Doc. 83-2)("Lorett Aff.").

"On June 26, 2013, Defendant CEP-TIR, LLC acquired 26.45 shares of TIR from certain other shareholders, known as the Pooled Shareholders, in *voluntary* sales transactions."  Plaintiffs' MSJ ¶ 4, at 3 (emphasis in the original)(stating this fact).  See Response to Plaintiffs' MSJ at 2 (not disputing this fact).  "Defendants subsequently referred to this share acquisition as the 'Control Acquisition.'"  Plaintiffs' MSJ ¶ 5, at 3 (stating this fact).  See Response to

---

[9]In Response to Defendants' Acquiescence MSJ ¶ 9, at 8, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger."  Response to Defendants' Acquiescence MSJ ¶ 2, at 8.  Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record.  See N.D. Okla. LCvR56.1(c).  The Court has previously noted that arguing at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact:  "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis."  Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8.  The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

Plaintiff's MSJ at 2 (not disputing this fact). "Between June 2013 and October 2013, CEP-TIR LLC also [acquired] certain other outstanding shares of TIR." Plaintiffs' MSJ ¶ 6, at 3 (stating this fact).[10] "As a result of these transactions, Defendants CEP-TIR, LLC, Stephenson, and Cynthia Field . . . became, collectively, the majority shareholders of TIR, owning at least 69.4% of the outstanding shares." Plaintiffs' MSJ ¶ 7, at 3 (stating this fact). See Response to Plaintiffs' MSJ at 2 (not disputing this fact). CEP-TIR, LLC, Stephenson, and Field "thereby collectively gained control of TIR." Plaintiffs' MSJ ¶ 8, at 4 (stating this fact). See Response to Plaintiffs' MSJ at 2 (not disputing this fact).

"From June 2013 through December 23, 2013, the Plaintiff SFF-TIR, LLC was represented by legal counsel." Defendants' Acquiescence MSJ ¶ 14, at 8 (stating this fact).[11] "From June 2013 through December 23, 2013, the Plaintiffs Stuart Family Foundation, Inc.; Alan Stuart 2012 GST Family Trust; Stuart 2005 GST Family Trust; and Celebration, LLC were

---

[10]In the Plaintiffs' MSJ, the Plaintiffs word the fact as follows: "Between June 2013 and October 2013, CEP-TIR LLC also certain other outstanding shares of TIR." Plaintiffs' MSJ ¶ 6, at 3. The fact is written as a sentence fragment without any verb. The Defendants purport to dispute the fact solely on the basis of "avoidance of doubt" and add the word "acquired" to the fact. Response to the Plaintiffs' MSJ at 2. Because of (i) the obvious scrivener's error; and (ii) the Plaintiffs' repeated assertions elsewhere that CEP-TIR LLC acquired the outstanding TIR shares, the Court deems the fact -- with the Defendants' interpolation of the verb "acquired" -- to be undisputed.

[11]In the Response to Defendants' Acquiescence MSJ ¶ 14, at 8 the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion, and not a factual assertion and so does not materially affect the Plaintiffs' admission of the fact.

represented by legal counsel." Defendants' Acquiescence MSJ ¶ 15, at 8 (stating this fact).[12]

"Each of the individual Plaintiffs executed and delivered a proxy to SFF-TIR, LLC to act on his or her behalf with respect to his or its TIR Inc. shares which proxies were in effect on November 2, 2013." Defendants' Acquiescence MSJ ¶ 16, at 8 (stating this fact).[13] "[T]he Plaintiffs, led by Alan Stuart, attempted to negotiate a sale of their minority block of shares to Cypress for a substantially higher share price." Defendants' Acquiescence MSJ ¶ 19, at 9 (stating this fact).[14]

---

[12]In Response to Defendants' Acquiescence MSJ ¶ 15, at 8 the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[13]In Response to Defendants' Acquiescence MSJ ¶ 16, at 8, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[14]The Plaintiffs purport to dispute this fact "to the extent that it suggests that there was a winner-take-all competition in 2013 to acquire control of TIR." Response to Defendants' Acquiescence MSJ ¶ 6, at 9. The Plaintiffs then continue: "Plaintiffs otherwise admit that Plaintiffs attempted to negotiate a substantially higher sale price for their shares, except that Plaintiffs object to this fact as immaterial and irrelevant." Response to Defendants' Acquiescence MSJ ¶ 6, at 9. The Court sees no evidence in the fact, as the Defendants state it, that the Defendants suggest the existence of a winner-take-all competition in 2013. Furthermore,

"Following the June 26, 2013 Control Acquisition, and after certain resignations, TIR's Board of Directors had three members as of October 31, 2013: Defendant Lawrence Field, Defendant Peter Boylan, and Randall Lorett, the President and CEO of TIR." Plaintiffs' MSJ ¶ 10, at 4 (stating this fact).[15] "On September 20, 2013, Cypress Energy Partners Limited Partnership filed a Registration Statement (including the prospectus) for the public offering of partnership units of TIR shares, pursuant to the confidentiality provisions of the Jumpstart Our Business Startups Act." Defendants' Acquiescence MSJ ¶ 20, at 9 (stating this fact). See Response to Defendants' Acquiescence MSJ ¶ 1, at 8 (not disputing this fact). "As of November 2, 2013, all plaintiffs had granted proxies to Plaintiff SFF-TIR to vote their TIR Inc. shares and agreed among themselves not to sell their TIR Inc. shares for less than $654,632." Defendants' Acquiescence MSJ ¶ 21, at 9 (stating this fact).[16] "On October 31, 2013, Cypress and TIR Inc.

---

contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[15]The Defendants purport to dispute this fact "[f]or avoidance of doubt," indicating that TIR, Inc.'s board of directors "had three members -- Mr. Field, Mr. Boylan, and Mr. Lorett -- and two vacant positions as of October 31, 2013." Response to Plaintiffs' MSJ at 3 (relying on Letter from Cypress Energy Partners to Shareholders of Tulsa Inspection Resources, Inc. at 3 (dated October 31, 2013), filed September 15, 2015 (Doc. 158-3)). The Court notes that this observation is a difference without a distinction. Analogously, if one says that a person is holding up three fingers on one hand, that statement is the equivalent of saying that one is holding up three fingers on one hand and that the other two fingers on the hand are not being held up. Furthermore, the Defendants do not dispute that L. Field., Boylan, and R. Lorett were the only three sitting TIR, Inc. board members as of October 31, 2013; the Court deems this fact to be undisputed.

[16]In Response to Defendants' Acquiescence MSJ ¶ 23, at 9, the Plaintiffs do not dispute

- 9 -

made a Tender Offer [Letter from Cypress Energy Partners to Shareholders of Tulsa Inspection Resources, Inc. (dated October 31, 2013), filed September 15, 2015 (Doc. 158-3)(Tender Offer)] to TIR Inc.'s remaining shareholders, including the Plaintiffs, for $451,000." Defendants' Acquiescence MSJ ¶ 22, at 9 (stating this fact). See Response to Defendants' Acquiescence MSJ ¶ 1, at 8 (not disputing this fact).

> The Tender Offer disclosed (i) that the Registration Statement had been filed, (ii) that Cypress Energy intended to enter into an underwriting agreement for the public offering of master limited partnership units and that the equity of TIR Inc. might be dropped into the new publicly traded entity, and (iii) the purchase of shares (and share prices) by which the Defendants acquired TIR Inc. shares.

Defendants' Acquiescence MSJ ¶ 23, at 9 (stating this fact)(relying on Videotaped Deposition of Anurag Agarwal (taken September 29, 2014), filed April 3, 2015(Doc. 83-20)("Agarwal Depo. Ex. 1").[17] In a section called "Certain Conflicts of Interest," the Tender Offer states:

---

this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing a proposed fact at summary judgment is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[17]The Plaintiffs purport to dispute this fact. According to the Plaintiffs, the Tender Offer contains material misstatements and omissions:

> First, the Tender Offer failed to disclose (i) the value Defendants would receive for their interests in TIR as a result of the MLP IPO; (ii) the fact that Defendants had projected internally, and to third parties (including underwriters for the MLP IPO), that TIR would reach $21 million adjusted EBITDA by the end of 2013; (iii) and TIR's substantial growth in revenues, headcount and EBITDA month-over-month. . . . While the Tender Offer included financials for September 2012 and September 2013, it did not include any financials showing the unprecedented growth the Company was experiencing on a monthly basis. The Tender Offer

> "As a result of the June Acquisition, Mr. Boylan, and Mr. Field (who is affiliated with Mr. Stephenson and Ms. Field) may each be deemed to have a conflict of interest related to this Offer." *Id.* [Tender Offer] at 2.

> "As a result of the foregoing potential conflicts of interest, the TIR Board has not been asked to and is not making any recommendation to you regarding this Offer." *Id.* [Tender Offer at 2]

> "None of the Purchasers, nor any of their respective affiliates has performed or commissioned any appraisal, or engaged any independent financial advisor or other third party to perform any valuation analysis or provide any opinion respecting the value of the Shares in connection with this Offer." *Id.* [Tender Offer at 2]

Plaintiffs' MSJ ¶ 12, at 4 (stating this fact)(internal citation omitted).  See Response to Plaintiffs' MSJ at 2 (not disputing this fact).  The merger between TIR, Inc. and TIR, LLC "enabled the Controlling Shareholder Defendants to exchange their own TIR shares for equity in the new entity, Defendant TIR LLC, in proportion to their prior shareholders in TIR."  Plaintiffs' MSJ ¶

---

also included affirmative misstatements: (i) it claimed certain issues with accounts receivable for TIR Canada were "material," even as just days earlier internal documents show Defendants had concluded the impaired accounts receivable amounted to less than the $300,000 reserve Defendants had set aside to address the issue (which can hardly be described as "material" in light of TIR's projected $21M adjusted EBITDA for 2013); and (ii) to support the offer price of $451,000 per share, it claimed Defendants had purchased TIR shares from 13 unnamed shareholders at a price of $451,000 or lower in October 2013.  Not only did this conflict with Defendants' earlier promise on June 26, 2013 that it would buy out all TIR shareholders at the same price, but also with numerous internal statements by Defendants that they in fact had purchased from only 4 TIR shareholders at a price of $451,000 or less in October 2013.

Response to Defendants' Acquiescence MSJ ¶ 7, at 9 (internal citation omitted).  The Court notes, however, that the fact as the Defendants word it in their Defendants' Acquiescence MSJ asserts certain items that were disclosed; it does not touch on items that the Plaintiffs may have failed to disclose.  See Defendants' Acquiescence MSJ ¶ 22, at 9.  Moreover, alleged misstatements in the disclosure about other issues does not fall within this asserted fact's scope. Because the Plaintiffs do not dispute the assertion that the tender offer disclosed that (i) the Registration Statement had been filed; (ii) that Cypress Energy intended to enter into an underwriting agreement for the public offering of Master Limited Partnership units and that the equity of TIR Inc. might be dropped into the new publicly traded entity; and (iii) the purchase of shares (and share prices) by which the Defendants acquired TIR Inc. shares, the Court deems this fact to be undisputed.

15, at 4 (stating this fact). <u>See</u> Response to Plaintiffs' MSJ at 2 (not disputing this fact). "The Merger was approved and carried out by the following Defendants: [(i)] The Controlling Shareholder Defendants, *i.e.*, Defendants CEP-TIR, LLC, Stephenson, and Cynthia Field; and [(ii)] TIR Directors Lawrence Field and Peter Boylan III . . . ." Plaintiffs' MSJ ¶ 16, at 4-5 (bullets and internal citations omitted)(stating this fact). <u>See</u> Response to Plaintiffs' MSJ at 2 (not disputing this fact). "TIR's Rule 30(b)(6) witness, Dan O'Keefe, admitted that because the Board composition had not changed, the same conflicts of interest that existed at the time of the Tender Offer also existed at the time of the Merger." Plaintiffs' MSJ ¶ 18, at 5 (stating this fact). <u>See</u> Response to Plaintiffs' MSJ at 2 (not disputing this fact).

"On November 13, 2013, Cypress Energy's SEC Registration Statement containing the prospectus for the sale of partnership units in the master limited partnership became public." Defendants' Acquiescence MSJ ¶ 24, at 9 (stating this fact). <u>See</u> Response to Defendants' Acquiescence MSJ ¶ 1, 8 (not disputing this fact). "Shortly after November 13, 2013, the Plaintiffs analyzed or had analyzed by one or more of their representatives the Registration Statement." Defendants' Acquiescence MSJ ¶ 25, at 9 (stating this fact).[18] "By November 26, 2013, the Plaintiffs had received and either personally reviewed the October 31 Tender Offer or

---

[18]In Response to Defendants' Acquiescence MSJ ¶ 25, at 9, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. <u>See</u> N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." <u>Lowery v. City of Albuquerque</u>, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

had had the October 31 Tender Offer reviewed by legal counsel or SFF-TIR, LLC on their behalf." Defendants' Acquiescence MSJ ¶ 26, at 9 (stating this fact).[19] "The Plaintiffs did not accept the October 31 Tender Offer." Defendants' Acquiescence MSJ ¶ 27, at 9 (stating this fact). See Response to Defendants' Acquiescence MSJ ¶ 1, at 8 (not disputing this fact). "The Plaintiffs could not have tendered their shares in response to the Tender Offer no matter what the Offer said or did not say; the Plaintiffs had contractually agreed prior to the Tender Offer not to sell their TIR Inc. shares for less than $654,632." Defendants' Acquiescence MSJ ¶ 28, at 9 (stating this fact).[20] "By November 26, 2013, the Plaintiffs had received and either (i) personally reviewed or (ii) had had reviewed by legal counsel or SFF-TIR, LLC on their behalf the Cypress

---

[19]In Response to Defendants' Acquiescence MSJ ¶ 26, at 9, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[20]In Response to Defendants' Acquiescence MSJ ¶ 28, at 9, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

Energy Partners Limited Partnership registration Statement." Defendants' Acquiescence MSJ ¶ 29, at 10 (stating this fact).[21]

> The SEC Registration Statement included the following information respecting Cypress Energy Partners Limited Partnership and the Initial Public Offering: (a) Prospectus; (b) List of risks to its business; (c) Capitalization; (d) Cash distribution policy, projections and partnership agreement provisions relating to cash distributions; (e) Historical and projected financial data: (f) Management discussion and analysis of financial condition; (g) detailed descriptions of the industries in which Cypress Energy Partners was engaged, Cypress' business and Cypress' management; (h) Cypress Energy Partners' partnership agreement; (i) Underwriting information; (j) complete audited financial statements (as of September 30, 2013).

Defendants' Acquiescence MSJ ¶ 30, at 10 (stating this fact)(relying on Austin Aff.) .[22] "As of November 2013, TIR had (a) revenues of $346.6 million, which was and [sic] 28 percent higher

---

[21]In Response to Defendants' Acquiescence MSJ ¶ 29, at 10, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger." Response to Defendants' Acquiescence MSJ ¶ 2, at 8. Contending that a fact is immaterial is not challenging a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[22]The Plaintiffs purport to dispute this fact. According to the Plaintiffs, the

> S-1 Registration Statement (the "S-1") did not disclose material information in Defendants' possession, including the pricing information for the IPO [Initial Public Offering] and how many limited liability company units in the Merger Sub Defendants would receive in exchange for their TIR shares, or the value of such equity merger consideration. Moreover, the projected financial data contained in the S-1 was incomplete as it did not include yearend 2013 EBITDA [Earnings Before Interest, Tax, Depreciation, and Amortization] projections for TIR, or the fact that Defendants had projected internally that year-end 2013 revenues would exceed $360 million (and by year-end, they in fact reached nearly $380 million).

than TIR's budgeted figure; (b) pretax profits of $1.6 million; and (c) $9 million year to date, which were all were [sic] the 'highest numbers [TIR] had had historically" as of that time. Plaintiffs MSJ ¶ 26, at 6 (last set of bracketed material in the original)(stating this fact)(citing O'Keefe Depo. at 297:16-299:13). See Response to Plaintiffs' MSJ at 2 (not disputing this fact). "TIR did not do a valuation [to inform] its merger consideration offer." Plaintiffs' MSJ ¶ 27, at 6 (internal quotation marks omitted)(stating this fact).[23] "Defendants did not disclose to Plaintiffs TIR's internal October and November 2013 financial statements . . . showing record-breaking revenues or TIR's November 16, 2013 management projections . . . of even higher revenues through 2018." Plaintiffs' MSJ ¶ 28, at 6 (internal citations omitted)(stating this fact). See Response to Plaintiffs' MSJ at 2 (not disputing this fact). "On November 26, 2013, the plaintiffs claimed each share of TIR Inc. was worth $650,000." Defendants' Acquiescence MSJ ¶ 32, at

Response to Defendants' Acquiescence MSJ ¶ 8, at 10. The Court notes that the fact, as the Defendants word it, indicates what information the Registration Statement included and not what it excluded. See Defendants' Acquiescence MSJ ¶ 30, at 10. One might argue that the canon of construction expressio unius est exclusio alterius suggests that the Defendants' choice to list ten items that they assert the Registration Statement contains means that other items were not included. Whether accurate or inaccurate, such an interpretation is irrelevant; the Plaintiffs do not dispute the inclusion of the ten items that the Defendants assert are in the Registration Statement. Because the Plaintiffs do not dispute this fact, the Court deems it to be undisputed.

[23]The Defendants purport to dispute this fact, indicating:

> TIR offered the same or higher share price to Plaintiffs than TIR had offered Pooled Shareholders and other selling shareholders in the intervening months. No appraisal was appropriate. Aware of its performance through October and November 2013, TIR nonetheless stated in the Merger Notice that it believed $451,000 per share "represents a premium over the fair value of such shares."

Response to Plaintiffs' MSJ at 3 (quoting Notice to Former Shareholders of Tulsa Inspection Resources, Inc. of Shareholder Action and Appraisal Rights at 2, (dated December 11, 2013) filed September 15, 2015 (Doc. 158-5))(internal citation omitted). The Defendants' assertion that an appraisal was not appropriate is a legal question and not a factual question. The Defendants do not dispute the Plaintiffs' assertion in this fact that the Defendants did not commission another valuation to inform their merger consideration offer. Because the Defendants do not dispute this fact, the Court deems it to be undisputed.

10 (stating this fact).[24]  "On November 29, 2013, Defendants advised that the Defendants could not negotiate any purchase during the tender offer period."  Defendants' Acquiescence MSJ ¶ 33, at 10 (stating this fact).[25]

"The TIR Board unanimously approved the Merger in a consent dated December 9, 2013 signed by all three Directors."  Plaintiffs' MSJ ¶ 19, at 5 (stating this fact).  See Response to Plaintiffs' MSJ at 2 (not disputing this fact).  "CEP-TIR, LLC, Stephenson, and Cynthia Field, the majority shareholders in TIR, approved the Merger in a similar consent dated December 9, 2013 signed by all three of the majority shareholders."  Plaintiffs' MSJ ¶ 20, at 5 (stating this fact).  See Response to Plaintiffs' MSJ at 2 (not disputing this fact).  "Plaintiffs were all minority shareholders of TIR at the time of the Merger, owning the 32.882 outstanding shares that were

---

[24]In Response to Defendants' Acquiescence MSJ ¶ 32, at 10, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger."  Response to Defendants' Acquiescence MSJ ¶ 2, at 8.  Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record.  See N.D. Okla. LCvR56.1(c).  The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis."  Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8.  The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[25]In Response to Defendants' Acquiescence MSJ ¶ 33, at 10, the Plaintiffs do not dispute this fact, but they contend that this fact is "immaterial and irrelevant under the entire fairness standard of review that governs the Tender Offer and Merger."  Response to Defendants' Acquiescence MSJ ¶ 2, at 8.  Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record.  See N.D. Okla. LCvR56.1(c).  The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis."  Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8.  The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

canceled by the Merger." Plaintiffs' MSJ ¶ 21, at 5 (stating this fact). <u>See</u> Response to

Plaintiff's MSJ at 2 (not disputing this fact). "The Merger Agreement stated in its 'Governing

Law' provision . . . that 'the provisions of this Agreement relating to mechanics or the effects of

the Merger under Delaware law shall be governed by and construed and enforced in accordance

with the laws of the State of Delaware.'" Plaintiffs' MSJ ¶ 22, at 5 (stating this fact)(quoting

Merger Agreement at § 8.04).[26]

"On December 9, 2013, Cypress and TIR exercised their statutory right to cash-out the

Plaintiffs . . . ." Defendants' Acquiescence MSJ ¶ 34, at 10 (stating this fact)(relying on Notice

to Former Shareholders of Tulsa Inspection Resources, Inc. of Shareholder Action and Appraisal

Rights (dated December 11, 2013), filed April 3, 2015 (Doc. 83-27).[27] "On December 11, 2013,

the Plaintiffs received timely after-the-fact notice of the Merger and their appraisal rights in

accordance with the Oklahoma statutes." Defendants' Acquiescence MSJ ¶ 37, at 11 (stating this

---

[26]The Defendants purport to dispute this fact "[f]or avoidance of doubt," insisting that the "laws of the State of Oklahoma are applicable to Plaintiffs' breach of fiduciary duty claims . . . and unjust enrichment claim . . . ." Response to Plaintiffs' MSJ at 3. This objection is legal rather than factual. The Defendants do not dispute that the merger agreement language is as the Plaintiffs' report it in this fact. Because the Defendants do not dispute this fact, the Court deems the fact to be undisputed.

[27]In the Defendants' Acquiescence MSJ, the Defendants word this fact as follows: "On December 9, 2013, Cypress and TIR exercised their statutory right to cash-out the Plaintiffs at $451,000 per share." Defendants' Acquiescence MSJ ¶ 34, at 10. The Plaintiffs purport to dispute this fact, asserting that they dispute it "to the extent it suggests that Defendants had any right to cash-out Plaintiffs for an unfair price," adding that the fact "is otherwise admitted." Response to Defendants' Acquiescence MSJ ¶ 9, at 10. The Court notes that the Plaintiffs do not contest the Defendants' assertion that the Defendants' statutory rights included cashing out the Plaintiffs, but only that these statutory rights did not also encompass the right to cash the Plaintiffs out at "an unfair price." Response to Defendants' Acquiescence MSJ ¶ 9, at 10. Whether $451,000.00 is a fair share price for TIR, Inc. shares at the time the merger was effected is a legal question rather than a factual question, or at least a fact for the jury to find -- a legal question or jury question that the Court discussed at length in its analysis of the Defendants' Acquiescence MSJ and the Plaintiffs' Estoppel MSJ in its MOO. The Court therefore reports the fact as it is undisputed.

fact).  See Response to Defendants' Acquiescence MSJ ¶ 1, at 8 (not disputing this fact).  "The

Merger Agreement (dated December 9, 2013), filed April 3, 2015 (Doc. 83-27), provides that:

> For the avoidance of doubt, any former shareholder who surrenders his, her or its
> share certificate (or acceptable evidence of  share ownership for payment of
> Merger Consideration pursuant to **Section 2.02** [payment provisions], shall be
> deemed to have (a) accepted the Merger Consideration and (b) forever waived any
> appraisal rights pursuant to this **Section 2.03** [provisions respecting dissenting
> share], Section 1091 of the [Oklahoma General corporation Act], or otherwise.

Defendants' Acquiescence MSJ ¶ 38, at 11 (citing Agarwal Depo. Ex. 7)(stating this fact).  See

Response to Defendants' Acquiescence MSJ ¶ 1, at 8 (not disputing this fact).  "On December

18-20, 2013, each Plaintiff delivered his or its TIR Inc. share certificates to the Defendant CEP-

TIR, along with stock powers, pursuant to the provisions of the Merger Agreement."

Defendants' Acquiescence MSJ ¶ 39, at 11 (stating this fact).[28]  "On December 23, 2013, the

Defendant TIR LLC paid . . . Plaintiffs . . . the $451,000 per share Merger Consideration."

Defendants' Acquiescence MSJ ¶ 40, at 11 (stating this fact).[29]  "As of December 9, 2013 (the

---

[28]The Plaintiffs purport to dispute this fact, indicating that they dispute the fact "to the
extent Defendants suggest Plaintiffs' delivery of their shares pursuant to the Merger Agreement
was a voluntary choice.  Rather, Plaintiffs as minority shareholders were forcibly squeezed out of
TIR, as evidenced by the 'after-the-fact' December 11, 2013 Merger Notice, which informed
Plaintiffs that their shares had already been cancelled."  Response to Defendants' Acquiescence
MSJ ¶ 12, at 10 (relying on Agarwal Depo. Ex. 7).  Because (i) the fact as the Defendants assert
it does not speak to whether the share certificate delivery was voluntary or involuntary; and (ii)
the Plaintiffs do not dispute the asserted fact that each Plaintiff delivered his or its share
certificates, along with stock powers, to CEP-TIR between December 18 and December 20,
2013, the Court deems the fact to be undisputed.

[29]In the Defendants' Acquiescence MSJ, the Defendants word the fact as follows:  "On
December 23, 2013, the Defendant TIR LLC paid, and the Plaintiffs accepted, the $451,000 per
share Merger Consideration."  Defendants' Acquiescence MSJ ¶ 40, at 11.  The Plaintiffs purport
to dispute the entire fact as the Defendants assert it, maintaining that the "Plaintiffs did not
'accept' the $451,000 per share merger consideration, but were forcibly cashed out."  Response
to Defendants' Acquiescence MSJ ¶ 13, at 10.  As is true for Defendant's undisputed fact 39,
discussed in footnote 30, supra, the dispute with respect to this fact centers on the transaction's
voluntariness, and not whether the transaction took place for the amount that the Plaintiffs

date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares . . . ), the Plaintiffs knew the Defendants had acquired control of TIR Inc." Defendants' Acquiescence MSJ ¶41, at 11 (stating this fact).[30] "As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares . . . ), the Plaintiffs knew the transactions by which the Defendants acquired controlling shares of TIR, Inc. and the prices paid for those shares." Defendants' Acquiescence MSJ ¶ 42, at 11 (stating this fact).[31]

---

indicate. Consequently, the Court amends the fact as the Defendants assert it to reflect the fact's elements that are undisputed.

[30]In the Defendants' Acquiescence MSJ, the Defendants word the fact as follows: "As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares to obtain the Merger consideration), the Plaintiffs knew the Defendants had acquired control of TIR Inc." Defendants' Acquiescence MSJ ¶ 41, at 11 (relying on Videotaped Deposition of Nathan Allen at 73:17-74:2 (taken February 25, 2015), filed April 3, 2015 (Doc. 83-23)("Allen Depo.")). The Plaintiffs dispute this fact only insofar as it "incorrectly states that 'Plaintiffs surrendered their TIR Inc. shares to obtain the Merger consideration.'" Response to Defendants' Acquiescence MSJ ¶ 14, at 10 (quoting Defendants' Acquiescence MSJ ¶ 41, at 11). The Plaintiffs clarify that they received cash merger consideration but did not receive equity merger consideration in the Merger Sub, "which was the 'Merger consideration' that the controlling shareholder Defendants received." Response to Defendants' Acquiescence MSJ ¶ 14, at 10. Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial as what 'Plaintiffs knew' concerning the Merger process [because knowledge] has no bearing upon the entire fairness of the Merger." Response to Defendants' Acquiescence MSJ ¶ 14, at 10. The Court has amended this asserted fact's text to reflect the fact's elements that are undisputed. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[31]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is

"Defendants admit that they did not: [(i)] Form a special committee of disinterested directors or other disinterested persons to consider the proposed merger; [(ii)] Engage any independent financial advisor or other third party valuation analysis; or [(iii)] Require a majority-of-the-minority vote for the Merger to be approved."  Plaintiffs' MSJ ¶ 23, at 5-6 (bullets and internal citations omitted)(stating this fact).  See Response to Plaintiffs' MSJ at 3 (not disputing this fact).  "There is no other evidence that Defendants employed any of the above devices at the time of, and in connection with, the Merger."  Plaintiffs' MSJ ¶ 24, at 6 (stating this fact).  See Response to Plaintiffs' MSJ at 3 (not disputing this fact).

> As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares . . . ), the Plaintiffs knew the Defendants' conflicts of interest between their positions as officers, directors and shareholders of TIR Inc. and their positions as officers, directors, and equity owners of Cypress Energy and its Affiliates.

Defendants' Acquiescence MSJ ¶ 43, at 11 (stating this fact)(relying on Allen Depo. at 108:3-112:3).[32]

---

"immaterial[,] as what 'Plaintiffs knew' concerning the Merger [because knowledge] process has no bearing upon the entire fairness of the Merger."  Response to Defendants' Acquiescence MSJ ¶ 14, at 10.  Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record.  See N.D. Okla. LCvR56.1(c).  The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis."  Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8.  The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[32]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial[,] as what 'Plaintiffs knew' concerning the Merger process has no bearing upon the entire fairness of the Merger."  Response to Defendants' Acquiescence MSJ ¶ 14, at 10. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record.  See N.D. Okla. LCvR56.1(c).  The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is

As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares . . . ), the Plaintiffs knew the intentions of the Defendants respecting the organization of a master limited partnership, the exchange of shares of TIR Inc. for units of ownership in the master limited partnership, and an initial public offering of units of ownership in the master limited partnership.

Defendants' Acquiescence MSJ ¶ 44, at 12 (stating this fact)(relying on Allen Depo. at 191:8-193:4).[33]

As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares . . . ), the Plaintiffs knew the Defendants had not performed or commissioned any appraisal, or engaged any independent financial advisor or other third party to perform any valuation analysis or provide any opinion respecting the value of the TIR, Inc. shares.

Defendants' Acquiescence MSJ ¶ 45, at 12 (stating this fact)(relying on Allen Depo. at 99:5-104:24, Agarwal Depo. at 42:1-44:17, and Agarwal Depo. Ex. 1).[34]

---

immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[33]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial[,] as what 'Plaintiffs knew' concerning the Merger process has no bearing upon the entire fairness of the Merger." Response to Defendants' Acquiescence MSJ ¶ 14, at 10. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing a proposed fact at summary judgment is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[34]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial[,] as what 'Plaintiffs knew' concerning the Merger process has no bearing upon the entire fairness of the Merger." Response to Defendants' Acquiescence MSJ ¶ 14, at 10. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a

As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares . . . ), the Plaintiffs knew the Defendants had not obtained the approval of a majority of the minority in effecting the Merger: the Plaintiffs were the remaining TIR Inc. minority shareholders. As a group, the Plaintiffs had demanded in September to sell their shares for a price in excess of $600,000 per share, and in November had agreed amongst themselves not to accept the Tender Offer.

Defendants' Acquiescence MSJ ¶ 46, at 12 (stating this fact).[35] "As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares . . . ), the Plaintiffs knew the Defendants had not formed a special committee to consider the proposed Merger." Defendants' Acquiescence MSJ ¶ 47, at 12 (stating this fact)(relying on Allen Depo. at 272:3-273:17).[36]

---

fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[35]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial[,] as what 'Plaintiffs knew' concerning the Merger process has no bearing upon the entire fairness of the Merger." Response to Defendants' Acquiescence MSJ ¶ 14, at 10. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[36]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial[,] as what 'Plaintiffs knew' concerning the Merger process has no bearing upon the entire fairness of the Merger." Response to Defendants' Acquiescence MSJ ¶ 14, at 10. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a

As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares . . . ), the Plaintiffs had been provided the financial statements of TIR Inc. for 2011 and 2012, and for the nine month period ending September 30, 2013.

Defendants' Acquiescence MSJ ¶ 48, at 12 (stating this fact)(relying on Allen Depo. at 83:18-84:1, 223:21-224:3).[37]   "As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares to obtain the Merger consideration), the Plaintiffs had received the Registration Statement."  Defendants' Acquiescence MSJ ¶ 49, at 12 (stating this fact)(relying on Allen Depo. at 194:2-11).[38]

---

fact by directing the Court with particularity to the record.  See N.D. Okla. LCvR56.1(c).  The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis."  Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8.  The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[37]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial[,] as what 'Plaintiffs knew' concerning the Merger process has no bearing upon the entire fairness of the Merger."  Response to Defendants' Acquiescence MSJ ¶ 14, at 10. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record.  See N.D. Okla. LCvR56.1(c).  The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis."  Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8.  The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[38]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial[,] as what 'Plaintiffs knew' concerning the Merger process has no bearing upon the entire fairness of the Merger."  Response to Defendants' Acquiescence MSJ ¶ 14, at 10. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a

> As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the date on which the Plaintiffs surrendered their TIR Inc. shares . . . ), the Plaintiffs believed that the Defendants did not believe (and had no reasonable basis to believe) that $451,100 per TIR Inc. share represented a premium over the fair value of such shares.

Defendants' Acquiescence MSJ ¶ 50, at 13 (stating this fact)(relying on Allen Depo. at 206:11-208:25).[39]

> As of December 9, 2013 (the date on which the Merger was consummated) and as of December 18-20, 2013 (the dates on which the Plaintiffs surrendered their TIR Inc. shares . . . ), Plaintiffs believed both Plaintiffs' financial presentations and Defendants' financial presentations showed the TIR Inc. shares were worth several multiples of $451,000.

Defendants' Acquiescence MSJ ¶ 51, at 13 (stating this fact)(relying on Complaint, filed July 3, 2014 (Doc. 1)).[40]

---

fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[39]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial[,] as what 'Plaintiffs knew' concerning the Merger process has no bearing upon the entire fairness of the Merger." Response to Defendants' Acquiescence MSJ ¶ 14, at 10. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing that at the summary-judgment stage a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[40]Regarding the second half of the asserted fact's sentence, the Plaintiffs object that it is "immaterial[,] as what 'Plaintiffs knew' concerning the Merger process has no bearing upon the entire fairness of the Merger." Response to Defendants' Acquiescence MSJ ¶ 14, at 10.

On February 4, 2014, Plaintiff SFF-TIR, LLC by its Managing Member, Alan Stuart, sent a letter to the investors in Plaintiff SFF-TIR in the form and content of [Letter from Alan Stuart to SFF-TIR, LLC investors (dated February 12, 2014), filed April 3, 2015 (Doc. 83-31)("Letter to SFF-TIR, LLC Investors")], which stated, in part, as follows

> "We are pleased to inform our investors in SFF-TIR, LLC ('SFF[-]TIR') we were able to liquidate our equity position in Tulsa Inspection Resources, Inc. ('TIR'). On December 23, 2013 we received cash consideration of $451,000 per share for a total cash consideration of $5,763,780. The investment in TIR has generated 2.47x our original investment with a net annualized IRR of 40.42%."

Defendants' Acquiescence MSJ ¶ 53, at 13 (stating this fact)(quoting Letter to SFF-TIR, LLC Investors 1, filed April 3, 2015 (Doc. 83-32)).[41]

> After . . . December 18-20, 2013, Defendants CEP-TIR, Charles Stephenson, and Cynthia Field, believing the Plaintiffs to have waived all claims to additional consideration for their shares, contributed 50.1% of the member interest in TIR LLC to Cypress Energy Partners Limited Partnership, and Cypress Energy Partners Limited Partnership effected a sale of partnership units to the public pursuant to the Registration Statement.

---

Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing a proposed fact is immaterial to the Court's disposition of the summary judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

[41]The Plaintiffs do not dispute this fact, but they maintain that it is "immaterial and irrelevant." Response to Defendants' Acquiescence MSJ ¶ 16, at 11. Contending that a fact is immaterial is not disputing a fact, nor is it specifically controverting a fact by directing the Court with particularity to the record. See N.D. Okla. LCvR56.1(c). The Court has previously noted that arguing at the summary-judgment stage that a proposed fact is immaterial to the Court's disposition of the summary-judgment motion is not effective to contest a fact: "Materiality is not proper grist for the statement of facts and is considered properly in the Court's legal analysis." Lowery v. City of Albuquerque, 2011 WL 1336670, at *4 n.8. The Plaintiffs' assertion that the entire-fairness standard is the operative standard is a legal conclusion, and not a factual assertion, and so does not materially affect the Plaintiffs' admission of the fact.

Defendants' Acquiescence MSJ ¶ 54, at 13 (stating this fact)(relying on Austin Aff. ¶ 5, at 2-3). "On July 3, 2014, the Plaintiffs filed this action." Defendants' Acquiescence MSJ ¶ 55, at 13 (stating this fact)(relying on Complaint). See Response to Defendants' Acquiescence MSJ ¶ 1, at 8 (not disputing this fact).

## PROCEDURAL BACKGROUND

The Defendants' counsel has frequently invoked Biblical scripture during arguments in this case. See, e.g., Transcript of Pretrial Conference Hearing at 253 (taken June 30, 2017), filed July 21, 2017 (Doc. 310)("MR. DEMURO: . . . I would love it if a bolt of lightning struck on the road to Damascus to your grandchildren and you had a conversion.")(referencing the conversion of Paul the Apostle in Acts 9:15); Transcript of Hearing at 78:19-22 (taken December 27, 2016), filed January 17, 2017 (Doc. 248)("MR. DEMURO: . . . I bring tidings of good news to the court, and those tidings are that we've now cleared away the underbrush of plaintiffs' opposition to the Bershad rule.")(referencing the Annunciation to the Shepherds in Lk. 2:10-11). The Defendants also drafted Question No. 24 in the Juror Questionnaire, which states: "Do you regularly attend church or another religious institution? If so, what is the name of your religious institution?" Jury Question No. 24, at 7. The Plaintiffs did not initially object to Question No. 24 in the Jury Questionnaire when the Defendants first proposed the question. See Defendants' Notice of Filing of Proposed Special Jury Questionnaire 1-2, filed June 23, 2017 (Doc. 291).

In the Defendants' Proposed Voir Dire, filed July 25, 2017 (Doc. 315)("Defendants' Voir Dire"), the Defendants state that they anticipate questioning the Venire Panel during voir dire on a number of topics, including the following two topics: (i) "all topics addressed in the Juror Questionnaire, including all topics raised by, or identified in, the jurors' responses to the questionnaire, including follow-up questions on their responses," Defendants' Voir Dire ¶ 1, at 1;

and (ii) "the Venire Panel's experience with, or knowledge of, or beliefs and feelings about, the Seven Deadly Sins," Defendants' Voir Dire ¶ 8, at 2. The Plaintiffs now object to the Defendants asking potential jurors any question relating to two topics listed on the Defendants' Voir Dire: (i) Topic No. 1, to the extent that such questions relate to Question No. 24 in the Juror Questionnaire; and (ii) Topic No. 8. See Objections at 1. The Plaintiffs contend that it is now plain from Topic No. 8 of the Defendants' Voir Dire that the Defendants intend to interject religious considerations into the trial. See Objections at 3.

The Plaintiffs object to any voir dire questioning on either of these topics, or any other questioning concerning the potential jurors' religious beliefs or practices. See Objections at 1. The Plaintiffs also request that the Court direct that the prospective jurors' response to Question No. 24 be expurgated from the completed Juror Questionnaires before the complete Juror Questions are provided to the parties. See Objections at 1.

## LAW REGARDING JURY SELECTION

"To be meaningful, the adequacy of voir dire examination must allow a party an opportunity to make reasonably intelligent use of peremptory challenges and challenges for cause." Lowery v. City of Albuquerque, No. CIV 09–0457 JB/WDS, 2012 WL 1372273, at 4 (D.N.M. April 11, 2012)(Browning, J.)(citing United States v. Rucker, 557 F.2d 1046, 1049 (4th Cir. 1977)). "[V]oir dire is within the sound discretion of the trial court, and the court's exercise of that discretion will not be disturbed, absent a clear showing of abuse." United States v. Whitt, 718 F.2d 1494, 1497 (10th Cir. 1983). See United States v. Gibbons, 607 F.2d 1320, 1330 (10th Cir. 1979)("The trial court has broad discretion in conducting the voir dire examination."). "[D]istrict courts have broad discretion in fashioning the method of exercising peremptory

challenges, and the jury selection procedure in general." <u>United States v. Morris</u>, 623 F.2d 145, 151 (10th Cir. 1980).

**<u>ANALYSIS</u>**

The "seven deadly sins" are a uniquely religious concept of Christian origin. Also known as the capital vices or cardinal sins, they constitute a grouping and classification of vices of Christian origin, which Pope Gregory I first enumerated on the extant record in A.D. 590. <u>See</u> Gregory I, <u>Morality in the Book of Job</u> bk. 31:87 (590)(1844)("*Pride is the beginning of all sin. But seven principal vices, as its first progeny, spring doubtless from this poisonous root, namely, vain glory, envy, anger, melancholy, avarice, gluttony, lust.*"). Thomas Aquinas rejoined objections to this list in the Summa Theologica six centuries later, updating the sins' names to their current formulation. <u>See</u> Thomas Aquinas, Summa Theologica II.1 q.84 art. 3-4 (listing "vainglory, envy, anger, sloth, covetousness, gluttony, [and] lust"). The Anglican Communion, the Lutheran Church, and the Methodist Church -- among other Christian denominations -- continue to retain the list. <u>See</u> Robert Boak Slocum & Don S. Armentrout, <u>An Episcopal Dictionary of the Church</u> 479 (2000); Lutheran Church -- Missouri Synod, <u>Sins, Venial and Mortal</u>, <u>in</u> Christian Cyclopedia, http://cyclopedia.lcms.org/display.asp?t1=s&word =SINS.VENIALANDMORTAL (last visited August 5, 2017); John Wesley, A Plain Account of Christian Perfection 12 (5th ed. 1937). Moreover, modern-day evangelists, such as Billy Graham, have explicated the seven deadly sins. <u>See</u> Billy Graham, Freedom from the Seven Deadly Sins (1966).

The Defendants appear to seek to use religious rhetoric with the jurors by questioning them about the "Seven Deadly Sins." The Defendants have previously signaled this intent to interject religious considerations into the trial. The Court needs to bring this issue to a head

before the lawyers get the unneeded jury question and the jury comes into the courtroom. Religion has nothing to do, however, with any issue to be tried in this case and is not a proper subject of inquiry when selecting a jury. There are times when, for example, a criminal defendant may be part of a minority religion and the religion may be an issue in the trial. Sometimes American Indians practice their traditional religion or have Indian lawyers, and they are concerned that non-Indians may have a bias against American Indians. In those circumstances, it is appropriate to allow the defendant to explore any possible prejudice or bias. This case is not one of those cases.

Where, as here, "religion is unrelated to the issue at hand[,] it is not a proper subject for inquiry" in selecting a jury. United States v. Seafini, 57 F. Supp. 2d. 108, 113 (M.D. Pa. 1999)(Vanaskie, J.)(striking questions "concerning a person's religious convictions" from jury questionnaire)(quoting Brandborg v. Lucas, 891 F. Supp. 352, 358 (E.D. Tex. 1995)(Faulkner, J.)(collecting cases)). The Court held similarly in United States v. Sandoval, 2006 WL 1304955, at *4-5 (D.N.M. February 1, 2006)(Browning, J.), explaining why such questions are not appropriate:

> As to Question 20, the Court will not include questions that ask jurors to specifically identify whether they follow a certain religion, and what that religion is, as well as their specific attitudes toward other religions, including Native American religions. *See United States v. Greer*, 968 F.2d 433, 438 (5th Cir. 1992) ("Where, as here, the court has inquired adequately into the jurors' possible biases, that is, in a manner reasonably calculated to identify any bias, the failure to require that the prospective jurors of a particular religion identify themselves does not constitute an abuse of discretion nor render the trial constitutionally suspect.").

> The United States has always gone to great lengths to protect the right of its citizens to practice their religion without interference from the government. While the First Amendment of the United States Constitution is the most obvious example of how important religious freedom is to our nation, there are other examples. Even before the First Amendment, Article VI of the Constitution provided, and still does, that "no religious Test shall ever be required as a

Qualification of any Office or public Trust under the United States." The Court is reluctant to summon citizens to a federal court and start questioning them about their religious views, even if it is for the important purpose of impaneling a fair and impartial jury for the particular defendant.

Moreover, if the Court were to permit the requested questioning, the Court would be concerned about what it would do with the solicited information. To start striking jurors because of their religious beliefs begins to require some religious qualifications to serve on federal juries. The Court should be careful not to sit or exclude jurors because of their religious beliefs or because of where they attend worship, and the information that Sandoval seeks to solicit would probably make that task more difficult rather than assist the task before the Court and the parties.

Congress and the courts have been particularly sensitive to not introduce religious views unnecessarily into cases. Rule 610 of the Federal Rules of Evidence prohibits a party to attack the credibility of a witness because of his religious views or lack thereof: "Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced." If witnesses cannot be so challenged, the Court should be cautious about permitting the parties to question prospective jurors along similar lines.

2006 WL 1304955, at *4-5. The Court will not permit the Defendants to use the phrase "Seven Deadly Sins." The Defendants can talk about pride, greed, envy, wrath, and sloth, but they should not number them, call them deadly vices, or use the word "sin." The Defendants can talk about civic virtues and vices without putting this in the language of disambiguation.

Permitting the Defendants to question jurors on religious topics or to receive information about their religious practice in the responses to Juror Question No. 24 -- i.e., whether they "regularly attend church or another religious institution," and, "[i]f so, what is the name of your religious institution" -- raises the same concerns that the Court noted in United States v. Sandoval about what the Court would do with the solicited information, and whether it would be used to sit or exclude jurors because of their religious beliefs or because of where they attend worship, which "[t]he Court should be careful not" to allow. 2006 WL 1304955, at *4. For that

reason, the Court will not permit this federal Court and the parties to "summon citizens to a federal court and start questioning them about their religious views." 2006 WL 1304955, at *4.

**IT IS ORDERED** that the objections in the Notice of Plaintiffs' Objections to Defendants' Proposed Voir Dire, filed July 27, 2017 (Doc. 316), are sustained. The Defendants may not ask the question in paragraph 8, on page 2, of the Defendants' Proposed Voir Dire, filed July 25, 2017 (Doc. 315). The Clerk's Office will redact the prospective jurors' responses to Question No. 24 in the Jury Questionnaire, at 7, filed June 27, 2017 (Doc. 294-1). The Defendants may also not address the topic that Question No 24 in the Jury Questionnaire raises or identifies, either as a follow-up question or otherwise.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

R. Stratton Taylor
Mark H. Ramsey
Taylor Burrage Foster Mallett Downs Ramsey & Russell
Claremore, Oklahoma

-- and --

Stuart Kagen
Joshua C. Gillette
Joel Taylor
Kagen & Caspersen
New York, New York

      *Attorneys for the Plaintiffs*

Frederic Dorwart
Paul DeMuro
Sarah Wishard Poston
Nora Rose O'Neill
Fredric Dorwart Lawyers PLLC
Tulsa, Oklahoma

*Attorneys for the Defendants*