IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

SFF-TIR, LLC; STUART FAMILY
FOUNDATION, INC.; ALAN STUART
2012 GST FAMILY TRUST; STUART
2005 GST FAMILY TRUST;
CELEBRATION, LLC; ANURAG
AGARWAL; PETER BUCKLEY; VINCENT
SIGNORELLO and RODNEY M. REYNOLDS,

    Plaintiffs,

vs.                                                                                                              No. CIV 14-0369 JB/FHM

CHARLES C. STEPHENSON, JR.;
CYNTHIA A. FIELD; PETER BOYLAN, III;
LAWERENCE FIELD;
CYPRESS ENERGY PARTNERS-TIR, LLC;
CEP CAPITAL PARTNERS, LLC;
CYPRESS ENERGY HOLDINGS, LLC and
TULSA INSPECTION RESOURCES, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Objections To Court's First Proposed Jury Instructions, Doc. 339, filed August 10, 2017 (Doc. 348)("Objections"). The Court held a telephonic hearing on August 15, 2017. The Defendants take issue with the following statement in the Court's First Proposed Jury Instructions, filed July 27, 2017 (Doc. 339-1)("Jury Instructions"): "[A]ny uncertainty in awarding damages should generally be resolved in the Plaintiffs' favor." Objections at 3 (quoting Jury Instructions at 24). The Defendants argue that, under Delaware law, the presumption resolving uncertainty in favor of the plaintiff "applies to the uncertainty over the amount of damages, not the existence of damages." Objections at 4 n.4.

To support that assertion, the Defendants direct the Court to Siga Technologies, Inc. v. PharmAthene, Inc., 132 A.3d 1108 (Del. 2015), see Objections at 4 n.4, which states: "Where the injured party has proven the *fact* of damages -- meaning that there would have been some profits from the contract -- less certainty is required of the proof establishing the *amount* of damages." Siga Technologies, Inc. v. PharmAthene, Inc., 132 A.3d at 1131 (emphasis in the original). That statement is an application of the "wrongdoer rule," which resolves uncertainties in a plaintiff's favor when "the wrongdoer's breach contributed to uncertainty over the amount of damages." Siga Technologies, Inc. v. PharmAthene, Inc., 132 A.3d at 1131 n.132.

Applying the principles that the Supreme Court of Delaware stated in Siga Technologies, Inc. v. PharmAthene, Inc., which dealt with a breach-of-contract claim, see 132 A.3d at 1130-31, to the case at bar -- which deals with a breach-of-fiduciary-duty claim -- indicates that the distinction the Defendants advance is inappropriate. The Court has already concluded that the Defendants breached their fiduciary duty. See Memorandum Opinion and Order, filed April 25, 2017 (Doc. 274), 2017 WL 1487439 at *133-35 ("Order Granting Partial Summary Judgment"). The jury is being asked to determine the fair value of the Plaintiffs' stock in Tulsa Inspection Resources, Inc. ("TIR, Inc."), and the "uncertainties" mentioned in the Court's Jury Instructions concern that fair-value inquiry.

It is necessary to address those uncertainties only because the Defendants breached their fiduciary duties. One might think that the fair-price inquiry associated with the essential fairness standard is the same as the fair-value inquiry, but "[w]hen conducting a fair price inquiry as part of the entire fairness standard of review, the court asks whether the transaction was one 'that a reasonable seller, under all of the circumstances, would regard as within a range of fair value; one that such a seller could reasonably accept.'" Reis v. Hazelett Strip-Casting Corp., 28 A.3d

442, 466 (Del. Ch. 2011)(quoting <u>Cinerama, Inc. v. Technicolor, Inc.</u>, 663 A.2d 1134, 1143 (Del. Ch. 1994)).  "A court readily could conclude that a price fell within the range of fairness and would not support fiduciary liability, and yet the [fair value] could yield an award in excess of the merger price."  28 A.3d at 466.

Because the uncertainties regarding the fair value of the Plaintiffs' TIR stock only need to be resolved because of the Defendants' wrongdoing, <u>i.e.</u>, their breach of fiduciary duty, Delaware's wrongdoer rule indicates that those uncertainties should be resolved in the Plaintiffs' favor.  In accordance with the foregoing analysis -- and to forestall disputing whether the jury's fair-value determination goes to the amount of damages or the existence of damages -- the Court will rephrase its jury instruction on this point: "When determining the fair value of the Plaintiffs' shares, any uncertainties should generally be resolved in the Plaintiffs' favor."

**IT IS ORDERED** that the Defendants' Objections To Court's First Proposed Jury Instructions, Doc. 339 are overruled in part and sustained in part. The Court will not order the substance of the Court's First Proposed Jury Instructions to be removed, but it will order the instruction to read: "When determining the fair value of the Plaintiffs' shares, any uncertainties should generally be resolved in the Plaintiffs' favor."

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jamison A. Diehl
Akin Gump Strauss Hauer & Feld LLP
New York, New York

-- and --

R. Stratton Taylor
Toney Daniel Foster
Mark H. Ramsey
Clinton Derek Russell
Taylor Burrage Foster Mallett Downs Ramsey & Russell
Claremore, Oklahoma

-- and --

Stuart Kagen
Daniel A. Cohen
Joshua C. Gillette
Kyla Janine Grant
Kagen & Caspersen
New York, New York

  *Attorneys for the Plaintiffs*

Frederic Dorwart
Paul DeMuro
Sarah Wishard Poston
Nora Rose O'Neill
Fredric Dorwart Lawyers
Tulsa, Oklahoma

  *Attorneys for the Defendants*