IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

SFF-TIR, LLC; STUART FAMILY
FOUNDATION, INC.; ALAN STUART
2012 GST FAMILY TRUST; STUART
2005 GST FAMILY TRUST;
CELEBRATION, LLC; ANURAG
AGARWAL; PETER BUCKLEY; VINCENT
SIGNORELLO and RODNEY M. REYNOLDS,

    Plaintiffs,

vs.                                                                            No. CIV 14-0369 JB/FHM

CHARLES C. STEPHENSON, JR.;
CYNTHIA A. FIELD; PETER BOYLAN, III;
LAWERENCE FIELD;
CYPRESS ENERGY PARTNERS-TIR, LLC;
CEP CAPITAL PARTNERS, LLC;
CYPRESS ENERGY HOLDINGS, LLC and
TULSA INSPECTION RESOURCES, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiffs' Proposed Final Jury Instructions, filed July 27, 2017 (Doc. 319-1)("Plaintiffs' Jury Instructions") and (ii) the Defendants' Objections To Plaintiffs' Preliminary and Final Jury Instructions, filed July 27, 2017 (Doc. 322)("Objections"). The primary issues are: (i) whether Delaware law or Oklahoma law governs the Plaintiffs' ability to recover their attorney's fees and (ii) whether the Court should submit the Plaintiffs' right to recover their attorney's fees to the jury. The Court concludes that Delaware law governs the availability of attorney's fees and that the Court, not the jury, will determine whether the Plaintiffs will be able to recover their attorney's fees.

According to the Plaintiffs, the jury may "award to Plaintiffs some or all of the reasonable attorneys' fees and other costs that they paid in connection with this litigation" if the

jury finds "that it would be unfair to require Plaintiffs to shoulder the costs incurred in demonstrating the unfairness of the merger." Plaintiffs' Jury Instructions at 38. The Plaintiffs cite only Delaware authority for this assertion. See Plaintiffs' Jury Instructions at 38 n.67. The Defendants, on the other hand, contend that Oklahoma law, not Delaware law, determines whether the Plaintiffs can recover their attorney's fees, because under Oklahoma's choice-of-law rules, the availability of attorney's fees is considered procedural such that Oklahoma law applies even if the law of some other state provides the substantive rules of decision.[1] Objections at 10-11, 11 n.9. The Defendants also argue that, under Oklahoma law, the Plaintiffs cannot recover their attorney's fees. See Objections at 11 & n.9.

As the Defendants urge, the Court must apply Oklahoma's choice-of-law rules when it sits in diversity. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Objections at 11 n.9. Under Oklahoma choice-of-law rules, the law of the forum, i.e., Oklahoma law, governs procedural matters even when Oklahoma's substantive law does not apply. See Veiser v. Armstrong, 688 P.2d 796, 799 n.6 (Okla. 1984). It is important to note, however, that there is no "equivalence between what is substantive under the *Erie*[2] doctrine and what is substantive for purposes of conflict of laws." Sun Oil Co. v. Wortman, 486 U.S. 717, 726 (1988). "Unfortunately, Oklahoma law is silent on the classification of attorney's fees as substantive or procedural for choice-of-law purposes. Nonetheless, it is this court's responsibility to ascertain how the Oklahoma Supreme Court would decide the choice-of-law issue." Boyd v. Rosene & Assocs. v. Kan. Mun. Gas Agency, 174 F.3d 1115, 1119 (10th Cir. 1999).

---

[1]The Court has already determined that Delaware law governs the substance of the Plaintiffs' breach-of-fiduciary-duty claim. See Memorandum Opinion and Order at 267-69, filed April 25, 2017 (Doc. 274), 2017 WL 1487439, at *117.

[2]According to Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), "federal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes" although federal procedural law still applies. Hanna v. Plumer, 380 U.S. 460, 465 (1965)(citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)).

While applying Oklahoma choice-of-law rules, the United States Court of Appeals for the Tenth Circuit has recognized a distinction between "loser-pays attorney's fees, that is, attorney's fees awarded to a party simply because it prevailed" and bad-faith attorney's fees, i.e., "attorney's fees assessed for a willful violation of a court order or against a losing party who acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Boyd v. Rosene & Assocs. v. Kan. Mun. Gas Agency, 174 F.3d at 1125-26. Loser-pays attorney's fees normally "reflect a conscious policy choice by a legislature to depart from the American rule and codify the English rule," Boyd v. Rosene & Assocs. v. Kan. Mun. Gas Agency, 174 F.3d at 1126, so loser-pays attorney's fees should be classified as substantive for choice-of-law purposes, see Boyd v. Rosene & Assocs. v. Kan. Mun. Gas Agency, 174 F.3d at 1126 (concluding that the Supreme Court of Oklahoma would classify attorney's fees based on a loser-pays statue as substantive).

Bad-faith attorney's fees, in contrast, reflect "a court's inherent powers, which it has discretion to exercise in the interests of justice and efficient judicial administration." Boyd v. Rosene & Assocs. v. Kan. Mun. Gas Agency, 174 F.3d at 1126. Because bad-faith attorney's fees enable courts to "manage [their] own affairs so as to achieve the orderly and timely disposition of cases," Winters v. City of Oklahoma City, 740 P.2d 724, 725 (Okla. 1987), bad-faith attorney's fees are procedural in the choice-of-law context, see Restatement(Second) of Conflicts of Law § 122 ("A court usually applies its own local law rules prescribing how litigation shall be conducted . . . ."); Restatement(Second) of Conflicts of Law § 130 ("The local law of the forum determines the methods of securing obedience to orders of the court."). See also Boyd v. Rosene & Assocs. v. Kan. Mun. Gas Agency, 174 F.3d at 1122 (stating that "Oklahoma courts routinely refer" to the Restatement(Second) of Conflicts of Law "on issues relating to choice of law").

The Delaware Court of Chancery will award attorney's fees "[i]n cases of serious loyalty breaches," because "equity demands that the remedy take the reality of litigation costs into account as part of the overall remedy, lest the plaintiffs be left with a merely symbolic remedy." Auriga Capital Corp. v. Gatz Properties, 40 A.3d 839, 882 (Del. Ch. 2012). See also Auriga Capital Corp. v. Gatz Properties, 40 A.3d at 181 n.183 (collecting cases). The Plaintiffs seek this equitable award of attorney's fees. See Plaintiffs' Jury Instructions at 38 n.67 (citing Auriga Capital Corp. v. Gatz Properties, 40 A.3d at 181 n.183). See also Plaintiffs' Jury Instructions at 38 ("Such an award may be appropriate if you find that it would be unfair to require Plaintiffs to shoulder the costs incurred in demonstrating the unfairness of the merger.").

When the Court of Chancery awards attorney's fees because of pre-litigation conduct, such an award is substantive. That the Court of Chancery awards attorney's fees in appropriate cases serves to police corporate conduct generally, not just to control the way corporations litigate. See William Penn P'ship v. Saliba, 13 A.3d 749, 759 (Del. 2011)("The Chancellor's decision to award attorneys' fees and costs was well within his discretion and is supported by Delaware law in order to discourage outright acts of disloyalty by fiduciaries."). Consequently, an award of attorney's fees premised on a pre-litigation breach of a fiduciary's duty of loyalty is substantive and not procedural even though the authority for such an award is the Chancellor's "broad discretionary power to fashion appropriate equitable relief," William Penn P'ship v. Saliba, 13 A.3d at 758, not a statute, the typical source of loser-pays attorney's fees, see Boyd v. Rosene & Assocs. v. Kan. Mun. Gas Agency, 174 F.3d at 1126. Delaware law thus governs the Plaintiffs' request for attorney's fees.

Oklahoma law, however, determines whether the jury or the Court will decide whether the Plaintiffs are entitled to an attorney's fees award, because whether a judge or a jury decides

an issue is considered procedural for choice-of-law purposes.  See Restatement (Second) of Conflicts of Law § 129 ("The local law of the forum determines whether an issue shall be tried by the court or by a jury.").  See also Restatement(First) of Conflicts of Law § 594 ("The law of the forum determines whether an issue of fact shall be tried by the court or by a jury.").  As already noted, the Court applies Oklahoma's choice-of-law rules in a diversity case, see Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. at 496, and, under those choice-of-law rules, the law of the forum, i.e., Oklahoma law, governs procedural issues.

Under Oklahoma law, the right to a trial by jury does not apply to equitable remedies.  See Waggoner v. Johnston, 408 P.2d 761, 766 (Okla. 1965)("We have also stated on numerous occasions that in an equitable action, trial by jury is not a matter of right.").  Because the Plaintiffs seek an equitable remedy, see William Penn P'ship v. Saliba, 13 A.3d at 758, they thus are not entitled to a jury trial, at least as a question of applicable state law.

The Court must also consider, however, whether the Plaintiffs have a right to a jury trial as a matter of federal law, which would displace otherwise-applicable, contrary state law.  U.S. Const. art. VI, cl. 2 ("This Constitution, and the laws of the United States . . . shall be the supreme law of the land . . . anything in the Constitution or laws of any State to the contrary notwithstanding.")  The Seventh Amendment to the Constitution of the United States of America indicates that litigants in federal court have a right to a jury trial in all "Suits at common law, where the value in controversy shall exceed twenty dollars."  U.S. Const. amend. VII.  The Supreme Court of the United States has laid out a two-factor test for determining whether the Seventh Amendment's jury-trial guarantee applies in a particular federal-court proceeding.  See Granfinanciera, SA v. Nordberg, 492 U.S. 33, 42 (1989).  When applying that two-factor test, a court must: (i) compare the action to "18th century actions brought in the courts of England prior

to the merger of the courts of law and equity" and (ii) "examine the remedy sought and determine whether it is legal or equitable in nature." <u>Granfinanciera, SA v. Nordberg</u>, 492 U.S. at 42. "The second stage of this analysis is more important than the first." <u>Granfinanciera, SA v. Nordberg</u>, 492 U.S. at 42.

The Court has already concluded that, although the Plaintiffs' breach-of-fiduciary duty claim is an equitable cause of action, the Plaintiffs seek consequential damages, which are a legal remedy. <u>See</u> Memorandum Opinion and Order, filed July 5, 2017, (Doc. 301), 2017 WL 2870095, at *32-34, *36-40 ("MOO"). Weighing those two factors, the Court concluded that the Seventh Amendment right to a jury trial applies to the Plaintiffs' claim for consequential damages. MOO at *1. The Plaintiffs' request for attorney's fees, however, seeks an equitable remedy. <u>See</u> <u>William Penn P'ship v. Saliba</u>, 13 A.3d at 758. The Plaintiffs thus assert an equitable cause of action and seek an equitable remedy, so under the Supreme Court's two-factor test, the Plaintiffs have no Seventh Amendment right to a jury trial on this issue.

**IT IS ORDERED** that the Defendants' Objections To Plaintiffs' Preliminary and Final Jury Instructions, filed July 27, 2017 (Doc. 322) is sustained insofar as it objects to the proposed instruction regarding attorney's fees in the Plaintiffs' Proposed Final Jury Instructions, filed July 27, 2017 (Doc. 319-1).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jamison A. Diehl
Akin Gump Strauss Hauer & Feld LLP
New York, New York

-- and --

R. Stratton Taylor
Toney Daniel Foster
Mark H. Ramsey
Clinton Derek Russell
Taylor Burrage Foster Mallett Downs Ramsey & Russell
Claremore, Oklahoma

-- and --

Stuart Kagen
Daniel A. Cohen
Joshua C. Gillette
Kyla Janine Grant
Kagen & Caspersen
New York, New York

  *Attorneys for the Plaintiffs*

Frederic Dorwart
Paul DeMuro
Sarah Wishard Poston
Nora Rose O'Neill
Fredric Dorwart Lawyers
Tulsa, Oklahoma

  *Attorneys for the Defendants*