IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

SFF-TIR, LLC; STUART FAMILY
FOUNDATION, INC.; ALAN STUART
2012 GST FAMILY TRUST; STUART
2005 GST FAMILY TRUST;
CELEBRATION, LLC; ANURAG
AGARWAL; PETER BUCKLEY; VINCENT
SIGNORELLO and RODNEY M. REYNOLDS,

    Plaintiffs,

vs.                                                          No. CIV 14-0369 JB/FHM

CHARLES C. STEPHENSON, JR.;
CYNTHIA A. FIELD; PETER BOYLAN, III;
LAWERENCE FIELD;
CYPRESS ENERGY PARTNERS-TIR, LLC;
CEP CAPITAL PARTNERS, LLC;
CYPRESS ENERGY HOLDINGS, LLC and
TULSA INSPECTION RESOURCES, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Objection to Court's First Proposed Jury Instructions, Doc. 339, filed August 10, 2017 (Doc. 348)("Objections"). A hearing was held on August 15, 2017. The primary issues are whether Instruction No. 17 of the Court's Second Proposed Jury Instructions, filed August 29, 2017 (Doc. 374)("Jury Instructions")[1] should instruct the jury, in proposed Instruction No. 17, that: (i) "The credibility of projections prepared by management is enhanced if the projections were submitted by management to same [sic] financial institutions. . . . That is because it is a federal felony to

---

[1] The Objections refer to the Court's First Proposed Jury Instructions, filed August 9, 2017 (Doc. 339), but both sets of jury instructions contain the language that the Defendants find objectionable.

knowingly obtain any funds from a financial institution by false or fraudulent pretenses or representations"; and (ii) "You may completely discount an expert valuation that disregards contemporaneous management projections." Jury Instructions at 23.

The Defendants object to these statements. See Objections at 4 (objecting to an instruction permitting the jury to completely discount an expert's testimony); Transcript of Telephonic Hearing Proceedings Before the Court at 48:10-17 (taken August 15, 2017), filed August 21, 2017 (Doc. 358)("Tr.")(objecting to a statement regarding the credibility of projections that have been submitted to a financial institution). They argue that those instructions are not appropriate in light of the evidence. See Objections at 4 (indicating that the Court's proposed Instruction No. 17 is "contrary to the law," because it is "improper to give an instruction where there is insufficient evidence in the record supporting its submission to the jury"); Tr. at 49:20-50:2 ("[I]f Your Honor gives an instruction that says something to the effect that management projections are enhanced if they're given to a financial institution, and there is no evidence at trial . . . that the management projections were submitted to a financial institution . . . then that would create error.").

The Defendants object to the inclusion of the fourth paragraph of proposed Instruction No. 17 -- instructing the jury regarding the federal bank-fraud statute, 18 U.S.C. § 1344 -- because the Defendants believe that there may be no evidence at trial that management projections were submitted to a "financial institution," as 18 U.S.C. § 20 defines that term. See Tr. at 48:10-50:14. Consequently, according to the Defendants, the Court should wait and see what evidence is introduced at trial before deciding whether to include an instruction regarding the federal bank fraud statute. See Tr. at 50:5-14. The Court will, however, continue to include

the fourth paragraph for now and delete it if there is no trial evidence raising the bank-fraud issue. It is easier to remove language than to add it.

The Defendants object to the last sentence in the fifth paragraph of proposed Instruction No. 17 -- instructing the jury that they may completely discount the testimony of an expert that disregards contemporaneous management projections -- because, according to the Defendants, the Court determined that their expert did not "disregard" such projections. Objections at 4. More precisely, the Court concluded that the Defendants' expert "<u>considered TIR management revenue and expense projections</u> when compiling data for his discounted cash flow model, even though he largely rejected these projections as flawed when he ran his algorithm." Objections at 4 (emphasis added by the Defendants)(quoting Order at 3, filed March 31, 2017 (Doc. 262)). The Defendants cite no authority indicating that there is a meaningful difference between "disregarding" projections and "considering and rejecting" projections, and there is no such difference. Consequently, the Court will retain the last sentence of the fifth paragraph of proposed Instruction No. 17, which permits but does not require the jury to discount expert testimony that disregards contemporaneous management projections.

**IT IS ORDERED** that the Defendants' Objection to Court's First Proposed Jury Instructions, Doc. 339, filed August 10, 2017 (Doc. 348), is overruled insofar as it objects to proposed Instruction No. 17.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jamison A. Diehl
Akin Gump Strauss Hauer & Feld LLP
New York, New York

-- and --

R. Stratton Taylor
Toney Daniel Foster
Mark H. Ramsey
Clinton Derek Russell
Jacob Riley Daniel
Taylor, Foster, Mallett, Downs, Ramsey & Russell
Claremore, Oklahoma

-- and --

Stuart Kagen
Joshua C. Gillette
Daniel A. Cohen
Kyla Janine Grant
Kagen & Caspersen
New York, New York

  *Attorneys for the Plaintiffs*

Frederic Dorwart
Paul DeMuro
Sarah Wishard Poston
John Daniel Clayman
Nora Rose O'Neill
Fredric Dorwart Lawyers
Tulsa, Oklahoma

  *Attorneys for the Defendants*