IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

SFF-TIR, LLC; STUART FAMILY
FOUNDATION, INC.; ALAN STUART 2012
GST FAMILY TRUST; STUART 2005 GST
FAMILY TRUST; CELEBRATION, LLC;
ANURAG AGARWAL; PETER BUCKLEY;
VINCENT SIGNORELLO; and RODNEY M.
REYNOLDS,

        Plaintiffs,

vs.                                               No. CIV 14-0369 JB\FHM

CHARLES C. STEPHENSON, JR.; CYNTHIA
A. FIELD; PETER BOYLAN, III;
LAWERENCE FIELD; CYPRESS ENERGY
PARTNERS-TIR, LLC; CEP CAPITAL
PARTNERS, LLC; CYPRESS ENERGY
HOLDINGS, LLC; and TULSA INSPECTION
RESOURCES, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Email from Stuart Kagen to the Court (dated May 2, 2017), filed May 2, 2017 (Doc. 279)("Request to File Surreply Response"); and (ii) the Defendants' Request for Expedited Telephonic Conference, filed July 13, 2017 (Doc. 302)("Telephonic Conference Request"). The Court held a telephonic hearing on the Request to File Surreply Response on June 8, 2017. See Notice of Hearing, filed June 7, 2017 (Doc. 284)(text-only entry); Remark: *Telephonic Hearing Held 6/8/2017*, filed June 8, 2017 (Doc. 460)(text-only entry). The Court held an expedited telephonic hearing on July 13, 2017. See Notice of Motion Hearing Regarding the Defendants Request for Expedited Telephonic Conference, filed July 13, 2017 (Doc. 303)(text-only entry); Remark: *Telephonic Conference*

*Held*, filed July 13, 2017 (Doc. 312)(text-only entry). The primary issues are: (i) whether the Court should grant Plaintiffs SFF-TIR, LLC, Stuart Family Foundation, Inc, Alan Stuart 2012 GST Family Trust, Celebration, LLC, Anurag Agarwal, Peter Buckley, Vincent Signorello, and Rodney M. Reynolds (collectively, "the Plaintiffs") leave to file a fifteen-page response to the Defendants' Sur-Reply in Further Opposition to Plaintiffs' Motion for Bench Trial [Doc. No. 253], filed May 1, 2017 (Doc. 277)("Bench Trial Surreply"), because the Defendants' Bench Trial Surreply exceeded the page limit and raised new issues that the parties had not addressed; and (ii) whether the Court should grant the request of Defendants Charles C. Stephenson, Jr., Cynthia A. Field, Peter Boylan, III, Lawrence Field, Cypress Energy Partners-TIR, LLC, CEP Capital Partners, LLC, Cypress Energy Holdings, LLC, and Tulsa Inspection Resources, LLC (collectively, "the Defendants") for an expedited telephonic conference, because the Plaintiffs sent the Defendants a draft Pretrial Order that expands the Plaintiffs' final witness list and final exhibit list. The Court concludes that: (i) the Plaintiffs may file a response to the Defendants' Surreply, because the Court wants to allow each party to be heard, because the Court often allows parties to file surreplies and responses to surreplies when a reply or a surreply raises a new issue or argument, and because the Court will hold a hearing on the Bench Trial Surreply to allow everyone to have their full say on any new issues before the Court rules; and (ii) the Court will hold an expedited telephonic conference on July 13, 2017, because the Plaintiffs' expanded witness list and exhibit list necessitate that the parties agree to new deadlines for filing an agreed Pretrial Order.

**PROCEDURAL HISTORY**

On February 17, 2017, the Plaintiffs moved for a bench trial. See Plaintiffs' Motion for a Bench Trial on Plaintiffs' First Through Fourth Claims for Relief, and Brief in Support at 2, filed February 17, 2017 (Doc. 253)("Bench Trial Motion"). The Plaintiffs argue that, if the Court

dismisses their securities-law claims, then the Court should hold a bench trial on the remaining claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment. See Bench Trial Motion at 2. The Plaintiffs contend that the remaining claims are equitable claims, and thus they are not triable by a jury. See Bench Trial Motion at 2.

The Defendants responded on March 3, 2017, see Defendants' Brief in Opposition to Plaintiffs' Motion for a Bench Trial [Doc. No. 253], filed March 3, 2017 (Doc. 256)("Bench Trial Response"), and the Plaintiffs replied to the Defendants' response on March 17, 2017, see Plaintiffs' Reply Brief in Further Support of Motion for a Bench Trial on Plaintiffs' First Through Fourth Claims for Relief, filed March 17, 2017 (Doc. 257)("Bench Trial Reply"). The Defendants then moved on March 22, 2017, for leave to file a surreply to the Bench Trial Reply. See Defendants' Motion for Leave to File Sur-Reply to Plaintiffs' Reply Brief in Support of Motion for a Bench Trial on Plaintiffs' First Through Fourth Claims for Relief (Doc. 257), filed March 22, 2017 (Doc. 258)("Request to File Surreply"). The Defendants argued that the Plaintiffs' Bench Trial Reply included attachments that "were not previously mentioned in either party's briefing," so they sought "leave to file a sur-reply of not more than ten pages to protect their constitutional right to a jury trial and to address the new material introduced by the Plaintiffs." Request to File Surreply at 2. At the April 27, 2017, hearing, the Court granted the Request to File Surreply, because the Plaintiffs did not oppose the Defendants filing a surreply, because the Court wanted to be "generous in listening to lawyers," and because the Court wanted "to have a robust hearing." Transcript of Motion Hearing at 115:10-21 (held April 27, 2017)(Court, Kagen), filed June 5, 2017 (Doc. 283)("April 27 Tr."). See Minute Sheet at 1, filed April 27, 2017 (Doc. 276). The Defendants then filed their surreply on May 1, 2017. See Bench Trial Surreply at 1.

On May 2, 2017, the Plaintiffs requested leave to file a response to the Defendants' Bench Trial Surreply. <u>See</u> Request to File Surreply Response at 1. The Plaintiffs argue:

> Plaintiffs request the opportunity to file a fifteen page response to the dramatically overlength surreply that Defendants filed regarding Plaintiffs' motion for a bench trial (Doc. 277). Otherwise, Plaintiffs will be prejudiced by the new material that Defendants have submitted after oral argument on the motion was completed.
>
> Defendants' surreply is fifteen pages long. That is in violation of Local Civil Rule 7.2(h), which states that "Reply and supplemental briefs shall be limited to ten (10) pages in length unless otherwise authorized by the Court."
>
> Defendants sought, and were granted, leave to file a "sur-reply brief not longer than ten pages." [Request to File Surreply] at 3; [Minute Sheet]. Nevertheless, they have filed a document replete with new argument that is 50% longer than what the Court permitted.
>
> Further, Plaintiffs will suffer prejudice if not allowed a response to this document filed after oral argument. In the normal course, Plaintiffs, as movants, are permitted the last word in the form of a reply. Plaintiffs did not file an opposition to Defendants' March 22, 2017 request to file a surreply on the assumption that the surreply would be filed before the April 26th hearing, giving Plaintiffs the ability to respond to it at the hearing. Denying Plaintiffs a response to this post-hearing filing would prejudice Plaintiffs' case.
>
> Defendants' surreply, furthermore, addresses arguments made at the hearing rather than any "new arguments . . . raised in [Plaintiffs'] reply brief [Doc. 257] . . . that did not appear in [Plaintiffs'] moving papers."
>
> To remedy these matters, Plaintiffs request leave to file a response of no more than 15 pages, by not later than May 9, 2017.

Request to File Surreply Response at 1-2 (quoting <u>Payne v. Tri-State Careflight, LLC</u>, No. CIV 14-1044 JB/KBM, 2016 WL 6396214, at *18 (D.N.M. Oct. 25, 2016)(Browning, J.))(first two alterations added and remaining alterations in Request to File Surreply Response, and not in <u>Payne v. Tri-State Careflight, LLC</u>). At the June 8, 2017, hearing, the Court granted the Request to File Surreply Response, because the Defendants did not object to the Plaintiffs responding to the Bench Trial Surreply, and the Court wanted to "make sure that everybody has had their say."

Transcript of Telephonic Hearing Proceedings at 3:5-6 (held June 8, 2017)(Court), filed October 4, 2017 (Doc. 461)("Oct. 4 Tr."). The Court said that the Plaintiffs' response to the Bench Trial Surreply should not exceed fifteen pages and must be filed by June 27, 2017. See Oct. 4 Tr. at 4:5-6 (Court).

On July 13, 2017, the Defendants requested an expedited telephonic conference to discuss the Pretrial Order and approaching deadlines. See Telephonic Conference Request at 1. The Defendants note that the deadline for the parties to file an agreed Pretrial Order is July 13, 2017, and they note that the deadline for the parties to "submit highlighted deposition transcripts, annotated with remaining objections to the parties' designations and counter-designations" is July 14, 2017. Telephonic Conference Request at 1. The Defendants state that the Plaintiffs' counsel delivered a draft of the Pretrial Order at 8:00 p.m. on July 12, 2017. See Telephonic Conference Request at 2. The Defendants argue that the Plaintiffs' draft Pretrial Order: (i) expands the Plaintiffs' final witness list by adding nine primary witnesses; (ii) expands the Plaintiffs' final exhibit list; and (iii) "[d]emonstrates a fundamentally incorrect view of the issue to be tried," because, in the draft Pretrial Order, the "Plaintiffs state repeatedly . . . that whether the merger price paid by the Defendants was within the range of fair price is irrelevant." Telephonic Conference Request at 2 (internal quotation marks omitted). The Defendants also argue that the "Plaintiffs' counsel has not responded to Defendants' requests to confer concerning the deposition designations." Telephonic Conference Request at 2. According to the Defendants, "[w]ithout such conferences, the parties will be unable to submit annotated transcripts as required by the Court." Telephonic Conference Request at 2. The Defendants request a telephonic conference, "at the Court's earliest convenience, to address these issues." Telephonic Conference Request at 2.

The Court held a telephonic conference on July 13, 2017. See Transcript of Telephonic Hearing Proceedings (held July 13, 2017), filed July 24, 2017 (Doc. 313)("July 13 Tr."). At the hearing, the Court set July 17, 2017, as the deadline for the parties to exchange their final witness lists and exhibit lists, if they are not included in the Pretrial Order. See July 13 Tr. at 44:6-14 (Court). The Court added that, if a witness list or exhibit list is in the Pretrial Order, "then that will be the final witness list or exhibit list." July 13 Tr. at 44:10-11 (Court). The parties agreed that the Court's new deadline was workable. See July 13 Tr. at 48:6-18 (DeMuro, Poston, Taylor, Court). The parties and the Court also agreed to set July 17, 2017, as the deadline for filing an agreed Pretrial Order, and they agreed to set July 19, 2017, as the deadline for submitting annotated deposition transcripts with objections and for submitting deposition designations. See July 13 Tr. at 47:12-48:18 (Taylor, DeMuro, Poston, Court).

## LAW REGARDING SURREPLIES

Rule 7.2(h) of the Local Rules of the United States District Court for the Northern District of Oklahoma provides: "Supplemental briefs are not encouraged and may be filed only upon motion and leave of Court. Reply and supplemental briefs shall be limited to ten (10) pages in length unless otherwise authorized by the Court." N.D. Okla. LCvR7.2(h). See Kozak v. Indep. Sch. Dist. No. 1 of Tulsa Cty, Okla., Case No. 16-CV-352-JHP-JFJ, 2018 WL 912270, at *4 n.6 (N.D. Okla. Feb. 15, 2018)(Payne, J.). "A surreply is appropriate and should be allowed where new arguments are raised in a reply brief." Walker v. THI of N.M. at Hobbs Ctr., 2011 WL 2728344, at *1 (D.N.M. July 6, 2011)(Browning, J.). See Pimentel & Sons Guitar Makers, Inc. v. Pimentel, 229 F.R.D. 201, 204 (D.N.M. 2005)(Browning, J.). The Court has granted leave to file a surreply where a party has made arguments and presented new evidence that did not appear in the party's motion. See Pimentel & Sons Guitar Makers, Inc. v. Pimentel, 229 F.R.D. at 204.

## ANALYSIS

The Court grants the Request to File Surreply Response and the Telephonic Conference Request. At the October 4, 2017, hearing, the Defendants did not oppose the Plaintiffs responding to the Bench Trial Surreply. See Oct. 4 Tr. at 3:5-6 (Court). Moreover, in the Bench Trial Surreply, the Defendants address arguments other than the new arguments that the Plaintiffs make in the Bench Trial Reply, see Request to File Surreply Response at 2, and the Court wants to "make sure that everybody has had their say," Oct. 4 Tr. at 3:5-6 (Court). The Court therefore concludes that leave for responding to the Bench Trial Surreply is appropriate under local rule 7.2(h). See N.D. Okla. LCvR7.2(h); Kozak v. Indep. Sch. Dist. No. 1 of Tulsa Cty, Okla., 2018 WL 912270, at *4 n.6 (accepting the plaintiff's surreply "[i]n the interest of giving [p]laintiff the opportunity to fully litigate his claim," and because the defendant did not object to the plaintiff's filing of a surreply); Dogs Deserve Better, Inc. v. N.M. Dogs Deserve Better, Inc., No. CIV 13-0592 JB/GBW, 2016 WL 6396392, at *24 (D.N.M. Oct. 12, 2016)(Browning, J.); Payne v. Tri-State Careflight, LLC, 2016 WL 6396214, at *18; Walker v. THI of N.M. at Hobbs Ctr., 2011 WL 2728344, at *1. Because the Defendants' Bench Trial Surreply exceeds the ten-page limit for supplemental replies under rule 7.2(h), see N.D. Okla. LCvR7.2(h)., by five pages, the Court grants the Plaintiffs leave to file a fifteen-page response to the Bench Trial Surreply by June 27, 2017, see Oct. 4 Tr. at 4:5-6 (Court).

Last, the Court grants the Telephonic Conference Request, and the Court held a telephonic conference on July 13, 2017, to address the parties' concerns regarding filing an agreed Pretrial Order. See July 13 Tr. at 1. The deadline for the parties to exchange their final witness lists and exhibit lists and to file an agreed Pretrial Order is changed from July 13, 2017, to July 17, 2017, and the deadline to submit annotated deposition transcripts with objections and to submit

deposition designations is now July 19, 2017.  See July 13 Tr. at 44:6-14 (Court); id. at 47:12-48:18 (Taylor, DeMuro, Court).  The parties agreed to these deadlines.  See July 13 Tr. at 47:12-48:18 (Taylor, DeMuro, Poston, Court).  The Court also noted that it may be difficult to object to exhibits and deposition designations while the parties work on an agreed Pretrial Order, so any objections should be included in the Pretrial Order so that they are preserved.  See July 13 Tr. at 5:4-15 (Court).

**IT IS ORDERED** that: (i) the request in the Email from Stuart Kagen to the Honorable James O. Browning (dated May 2, 2017), filed May 2, 2017 (Doc. 279), is granted; (ii) the Defendants' Request for Expedited Telephonic Conference, filed July 13, 2017 (Doc. 302), is granted; (iii) the Plaintiffs may file a fifteen-page response to the Defendants' Sur-Reply in Further Opposition to Plaintiffs' Motion for Bench Trial [Doc. No. 253], filed May 1, 2017 (Doc. 277), by June 27, 2017; (iv) the Court held an expedited telephonic conference on July 13, 2017; (v) the deadline for the parties to exchange their final witness lists and exhibit lists and to file an agreed Pretrial Order is July 17, 2017; and (vi) the deadline to submit annotated deposition transcripts with objections and to submit deposition designations is July 19, 2017.

 

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jamison A. Diehl
Akin Gump Strauss Hauer & Feld LLP
New York, New York

-- and --

Stratton Taylor
Toney D. Foster
Mark H. Ramsey
Clinton Russell
Jacob R. Daniel
The Law Firm of Taylor, Foster, Mallett, Downs, Ramsey, & Russell
Claremore, Oklahoma

-- and --

Stuart Kagen
Joshua C. Gillette
Daniel A. Cohen
Kyla Janine Grant
Joel M. Taylor
Kagen & Caspersen
New York, New York

*Attorneys for the Plaintiffs*

Frederic Dorwart
Paul DeMuro
Sarah Poston
Nora Rose O'Neill
John D. Clayman
Fredric Dorwart, Lawyers PLLC
Tulsa, Oklahoma

*Attorneys for the Defendants*